## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Joan L. Konicki

v.

John Stanley Konicki

February 16, 1994

Case No. C93–217

By Judge William H. Ledbetter, Jr.

The only disputed issue presented to the court in this divorce case is whether Mrs. Konicki is entitled to spousal support.

*Facts*

Mrs. Konicki instituted this suit based on a one-year separation. Mr. Konicki filed a responsive pleading. Depositions were taken on September 15 and November 9, 1993. The evidence taken at the first depositions addresses jurisdictional issues and the "no-fault" divorce sought by Mrs. Konicki. Those matters are not contested; in fact, Mr. Konicki did not participate in those depositions. The depositions taken on November 9, 1993, deal almost exclusively with Mrs. Konicki's request for spousal support.

The parties report that they have executed a property settlement agreement dated September 15, 1993, which resolves "all property matters." However, a copy of the agreement is not in the court file. Although the agreement must be presented to the court if it is to be affirmed and ratified, the court will accept counsels' representations of its contents for the purposes of adjudicating spousal support.

Mr. and Mrs. Konicki were married in 1964. Four children were born of the marriage, all of whom are now adults.

During most of the marriage, Mr. Konicki was in the Marine Corps, posted to various stations, and Mrs. Konicki was the homemaker and primary caretaker of the children. In 1981, Mr. Konicki retired from the Marine Corps, and the family moved to Spotsylvania County.

In 1987, Mrs. Konicki had an adulterous affair. She confessed it to her husband in January of 1988. Nevertheless, the parties continued to cohabit as husband and wife, and for almost a year, the marriage appeared to be solid. At some point, however, the parties took separate bedrooms and discontinued their marital duties except that Mr. Konicki continued to provide the financial underpinning for the household. Mrs. Konicki worked outside the home and also contributed money to household expenses.

Until the marital residence was sold in 1993, the parties lived under the same roof but "separate and apart." Mrs. Konicki now lives on Brooke Valley Court in Spotsylvania County, and Mr. Konicki resides in Stafford County.

Mr. Konicki is retired from the Marine Corps. He now works for the U. S. State Department earning approximately $48,000.00 a year. Mrs. Konicki is employed as an insurance clerk by Dr. Amos J. Willis in Fredericksburg. She earns $7.71 an hour, or a little over $16,000.00 a year. For about two years, she also worked part-time at the Hallmark store at Spotsylvania Mall, but she has given up that second job except to "help out" when asked during holiday seasons.

When the marital residence was sold during the pendency of this suit, each party netted $28,000.00 cash. All outstanding joint debts of any consequence were satisfied at settlement.

### Adultery as Bar to Spousal Support

Formerly, the existence of a fault ground of divorce in favor of one spouse barred the other from spousal support. Now, by statute, a spouse is barred from receiving spousal support "if there exists in [the other's] favor" a ground of divorce based on adultery, unless the court determines from "clear and convincing evidence that a denial of support and maintenance would constitute a manifest injustice, based upon the respective degrees of fault during the marriage and the relative economic circumstances of the parties." Virginia Code § 20–107.1.

In this case, Mr. Konicki argues that Mrs. Konicki is barred from receiving spousal support because she committed adultery.

There is no evidence of Mrs. Konicki's adultery before the court except her response to a question asked by counsel for Mr. Konicki toward the end of the November 9, 1993, depositions. Counsel asked Mrs. Konicki on cross-examination whether "the main factor which

contributed to the breakup of your relationship with Mr. Konicki was an adulterous affair that you had with a Ronald Dubek." Mrs. Konicki responded, "Yes."

Nothing in the pleadings addressed this issue; nothing was said about it at the September 15, 1993, depositions; and Mr. Konicki offered no evidence, other than Mrs. Konicki's admission, to substantiate the alleged misconduct.

It is difficult to understand how "there exists in [Mr. Konicki's] favor a ground of divorce" based on adultery when no independent evidence, much less clear and convincing evidence, was adduced to prove it.

Assuming, however, that Mrs. Konicki's admission is sufficient to activate the limited bar to spousal support in § 20–107.1, the court finds from the evidence that the adultery was condoned, thereby giving rise to an absolute defense.

Condonation is defined as the remission by one of the married parties of an offense which he or she knows the other has committed against the marriage relation. In a word, it is forgiveness. The essential ingredients are freedom of consent (e.g., competency and capacity), knowledge of the wrong, and restoration of marital rights. 6A M.J., *Divorce and Alimony*, § 25.

Voluntarily resuming cohabitation after knowledge of the offense condones the offense. In fact, it is said generally that a single act of voluntary sexual intercourse after the innocent party has knowledge of the wrong is regarded as condonation. *Tarr v. Tarr*, 184 Va. 443 (1945); *Byrd v. Byrd*, 232 Va. 115 (1986); but see *Baytop v. Baytop*, 199 Va. 388 (1957), not applicable here.

However, condonation is conditional forgiveness, the condition being that the guilty spouse not repeat the wrong and treat the other with "conjugal kindness." If the condition is broken, the original offense, and the innocent party's remedy, are revived. *Cutlip v. Cutlip*, 8 Va. App. 681 (1989).

Applying the principles to the facts of this case, Mr. Konicki clearly condoned his wife's 1987 affair by cohabiting with her for a considerable period of time after he acquired knowledge of her misconduct. In fact, the parties reconciled and enjoyed many months of "marital bliss" according to Mrs. Konicki's undisputed testimony. Further, there is no evidence that Mrs. Konicki committed subsequent acts of "conjugal kindness" that breached Mr. Konicki's conditional forgiveness

and revived the original offense. Insofar as the evidence shows, their eventual separation was by mutual agreement. Even then, they continued to live in the same house for a considerable time.

Therefore, based on the evidence adduced, the court is of the opinion that the limited bar to spousal support in § 20-107.1 does not apply here.

### Amount of Award

Having concluded that Mrs. Konicki is not barred from receiving spousal support, the final question is the amount of spousal support, if any, to which Mrs. Konicki is entitled.

The factors to be considered in determining an award of spousal support are enumerated in § 20–107.1. There are nine of them. In addition, the court is directed to consider "the circumstances and factors which contributed to the dissolution of the marriage, specifically including adultery . . . ."

Mr. Konicki is 50 years old, Mrs. Konicki is 48. Both are in good health, and both are gainfully employed on a full-time basis. Mr. Konicki earns $48,000.00 a year, Mrs. Konicki earns $16,000.00 a year, plus whatever she realizes from her seasonal work at the Hallmark store. In addition, Mr. Konicki receives $1,105.00 a month military retirement, from which Mrs. Konicki receives, by agreement, a percentage of marital share amounting to $361.00 a month.

The duration of the marriage was a little more than 25 years.

Each party received $28,000.00 last year from the sale of their marital residence. Mr. Konicki still has about $24,000.00 of those funds, Mrs. Konicki says she has a balance of about $19,000.00. Both parties have vehicles. Mr. Konicki has approximately $2,000.00 in a Janus Fund. Mrs. Konicki has a few hundred dollars in a savings account. Neither party owes significant debts.

Considering all the statutory factors, as well as Mrs. Konicki's adultery which she admits contributed to the dissolution of the marriage, it is the court's opinion that Mrs. Konicki is entitled to spousal support in the amount of $200.00 per month.

Mr. Konicki points out that Mrs. Konicki also is entitled to receive a percentage of Mr. Konicki's civil service pension when he retires from the State Department. However, it is well settled that uncertain future events cannot be considered when determining support; the court must view the parties' disparate financial situation and earning

capacities as of the time of the proceeding. The amount of the pension payment, the date on which Mr. Konicki will begin receiving the payments, and Mrs. Konicki's share are not in evidence.