Present: Carrico, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ.

ROBERT ALLEN WILLIAMS

v.  Record No. 002286   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                         March 2, 2001
VIRGINIA STATE BAR


         FROM THE VIRGINIA STATE BAR DISCIPLINARY BOARD

     This case presents an appeal of right from a ruling of the

Virginia State Bar Disciplinary Board (the Board).  Robert Allen

Williams challenges the Board's decision suspending his license

to practice law in the Commonwealth for a period of six months

based on its finding that Williams failed to comply with the

terms of an agreed disposition order.

     The following facts are undisputed.  On March 27, 1998,

Williams appeared before the Board in response to charges that

in 1993, he mishandled client funds in violation of Disciplinary

Rules 9-102(A)[1], 9-102(B)[2], and 9-103(B)[3] of the former Code of

_____

     [1]Former Disciplinary Rule 9-102(A) provided as follows:
     (A) All funds of clients paid to a lawyer or law firm,
other than reimbursement of advances for costs and expenses,
shall be deposited in one or more identifiable bank accounts
maintained in the state in which the law office is situated and
no funds belonging to the lawyer or law firm shall be deposited
therein except as follows:
     (1) Funds reasonably sufficient to pay bank charges may be
deposited therein.
     (2) Funds belonging in part to a client and in part
presently or potentially to the lawyer or law firm must be
deposited therein, and the portion belonging to the lawyer or
law firm must be withdrawn promptly after they are due unless
the right of the lawyer or law firm to receive it is disputed by

Professional Responsibility (CPR)[4], now Rules 1.15(a), 1.15(c),

and 1.15(f), respectively, of the Rules of Professional Conduct.

The Board found by clear and convincing evidence that Williams's

actions constituted misconduct in violation of these Rules.

---

the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

[2]Former Disciplinary Rule 9-102(B) provided in pertinent part as follows:

(B) A lawyer shall:

. . . .

(4) Promptly pay or deliver to the client or another as requested by such person the funds, securities, or other properties in the possession of the lawyer which such person is entitled to receive.

[3]Former Disciplinary Rule 9-103(B) provided in pertinent part as follows:

(B) Required Trust Accounting Procedures: The following minimum trust accounting procedures are applicable to all trust accounts maintained by attorneys practicing in Virginia.

. . . .

(3) Deposit of mixed fiduciary and nonfiduciary funds other than fees and retainers: Mixed fiduciary and nonfiduciary funds shall be deposited intact to the trust account.  The nonfiduciary portion shall be withdrawn upon the clearing of the mixed fund deposit instrument.

(4) Periodic Trial Balance: A regular periodic trial balance of the subsidiary ledger shall be made at least quarter annually, within 30 days after the close of the period and shall show the trust account balance of the client or other person at the end of each period.

(a) The total of the trial balance must agree with the control figure computed by taking the beginning balance, adding the total of monies received in trust for the period and deducting the total of trust monies disbursed for the period.

(b) The trial balance shall identify the preparer and be approved by the attorney or one of the attorneys in the firm.

(5) Reconciliations:

(a) A monthly reconciliation shall be made at month end of the cash balance derived from the cash receipts journal and cash disbursements journal total, the trust account check book balance, and the trust account bank statement balance.

[4]The Rules quoted above were effective February 1, 1993.

Before the hearing, Williams, Williams's counsel, and counsel for the Virginia State Bar (Bar counsel) negotiated an agreed disposition that provided, in relevant part:

> Upon consideration whereof, THE FOLLOWING DISPOSITION IS ORDERED:
>
> Six Months Suspension of Mr. Williams'[s] license to practice law in the Commonwealth of Virginia suspended for a period of One Year, running from the date of the entry of the opinion order in this matter, upon the following terms and conditions:
>
> . . . .
>
> 2. That during said year Mr. Williams shall, at his cost, obtain the services of a certified public accountant who shall provide four quarterly written certifications to the Virginia State Bar that the trust account(s) of Mr. Williams are in compliance with Canon 9 of the current CPR. If said trust account(s) are not in compliance, the certified public accountant shall so state in his certification(s) and explain the existence of the noncompliance.
>
> 3. It shall be the sole responsibility of Mr. Williams to insure that these terms are fulfilled.
>
> 4. Any failure to fulfill the terms herein shall automatically result in the imposition of the Six Months Suspension of license. If any hearing is held upon a failure to fulfill terms, the sole issue shall be whether or not a failure to fulfill terms occurred.

On June 26, 1998, based on its finding of Williams's misconduct, the Board entered an order incorporating the agreed disposition (the agreed disposition order).

In September 1998, Williams engaged William White, Sr., a certified public accountant (CPA), to audit Williams's trust accounts and to provide certifications to the Bar that the

3

accounts were in compliance with Canon 9 of the former CPR as required by the terms of the agreed disposition order. In December 1999, nearly 18 months after the agreed disposition order was entered, Williams delivered his trust account records to White for the period from June 26, 1998 through June 30, 1999, and requested that White begin his review. White testified that his office was closed from just prior to Christmas through the end of the year, and that he did not begin work on Williams's records until early in 2000.

On December 22, 1999, about one week after Williams delivered his records to White, Bar counsel sent a letter to Williams's counsel that stated in relevant part:

> I am unaware that Mr. Williams has fulfilled [terms 2 and 3 of the agreed disposition order] and therefore seek proof of same from Mr. Williams.

> I shall tickle this file for January 24, 2000, in order to give you a chance to contact Mr. Williams and let me know something.

On January 24, 2000, Williams's counsel sent to Bar counsel a copy of a letter from White, which stated in part that "during the year of June 26, 1998 through June 25, 1999, Robert Allen Williams, Esquire, obtained my services to provide four quarterly written certifications to the Virginia State Bar." No quarterly certifications were provided with this letter.

On February 17, 2000, Bar counsel filed a notice to show cause alleging that Williams had failed to comply with terms 2

4

and 3 of the agreed disposition order, and a motion to impose the six-month suspension under term 4 of the order on the ground of non-compliance. A show cause hearing was scheduled for March 24, 2000. Williams filed a motion requesting a continuance, which was granted, and the hearing was rescheduled for April 28, 2000.

On April 4, 2000, more than 21 months after entry of the agreed disposition order, Williams submitted to the Bar four quarterly certifications prepared by White based on his audit of Williams's trust accounts. The quarterly certifications included the time periods of (1) June 26, 1998 through September 30, 1998, (2) October 1, 1998 through December 31, 1998, (3) January 1, 1999 through March 31, 1999, and (4) April 1, 1999 through June 30, 1999. Each of the four certifications stated that Williams's trust accounts were in compliance with Canon 9 of the former CPR.

The Board held a show cause hearing on April 28, 2000. Bar counsel argued that the six-month suspension specified in the agreed disposition order should be imposed because Williams violated terms 2 and 3 of the order by not providing the required certifications within one year from the date of the order.

Williams asserted in response that he had complied with the agreed disposition order based on his interpretation of term 2,

5

which he contended was ambiguous.  Williams argued that he understood term 2 to require only that he retain the services of a CPA within a year from the date of the order.  He contended that if term 2 were read to require that he submit the quarterly certifications to the Bar within one year, compliance would be impossible because records for the last quarter would not be available for audit until after the year had ended.

Given the impossibility of full compliance for all four quarters, Williams contended that term 2 should be interpreted to require only that he retain the services of a CPA within a year, and that he submit the required certifications within a reasonable time after the end of that year.  Williams accordingly asserted that he complied with the agreed disposition order because his submission of the certifications, on April 4, 2000, was done within a reasonable time after the year following entry of the order, which ended on June 25, 1999.

The Board concluded that Williams had failed to comply with terms 2 and 3 of the agreed disposition order, and entered an order imposing the six-month suspension of Williams's license in accordance with the terms of the agreed disposition order.  This Court stayed execution of the order suspending Williams's law license pending the outcome of this appeal.

On appeal, Williams raises the same arguments that he raised in his show cause hearing before the Board, and contends

6

that he fully complied with the conditions set forth in the agreed disposition order.  We disagree.

In reviewing the Board's decision in a disciplinary proceeding, we conduct an independent examination of the entire record.  El-Amin v. Virginia State Bar, 257 Va. 608, 612, 514 S.E.2d 163, 165 (1999); Myers v. Virginia State Bar, 226 Va. 630, 632, 312 S.E.2d 286, 287 (1984).  We consider the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the Bar, the prevailing party in the Board proceeding.  El-Amin, 257 Va. at 612, 514 S.E.2d at 165; Gunter v. Virginia State Bar, 238 Va. 617, 619, 385 S.E.2d 597, 598 (1989).  We give the Board's factual findings substantial weight and view them as prima facie correct.  El-Amin, 257 Va. at 612, 514 S.E.2d at 165; Myers, 226 Va. at 632, 312 S.E.2d at 287.  While we do not give the Board's conclusions the weight of a jury verdict, we will sustain those conclusions unless it appears they are not justified by a reasonable view of the evidence or are contrary to law.  Id.

We first consider whether the Board erred in concluding that Williams failed to comply with the terms of the agreed disposition order.  In a show cause proceeding before the Board, the burden of proof is on the respondent to show by clear and convincing evidence that he complied with the terms imposed

7

under an agreed disposition order. Virginia State Bar Disciplinary Board Rules of Procedure, Rule IV (D)(11) (2000).

In this case, the agreed disposition order suspended the six-month suspension of Williams's license to practice law "for a period of One Year, running from the date of the entry of the opinion order," subject to certain terms. As indicated above, term 2 states that "during said year Mr. Williams shall . . . obtain the services of a [CPA] who shall provide four quarterly written certifications to the [Bar]." The Board found that Williams failed to comply with term 2 because he did not submit the required certifications "during said year," and because he "failed to demonstrate by clear and convincing evidence sufficient cause to explain his failure to comply [with that condition]."

The record before us supports the Board's findings. As indicated above, the agreed disposition order states that the six-month suspension of Williams's license is suspended for a period of one year, provided that Williams "shall" retain a CPA to audit his accounts and submit certifications to the Bar "during said year." Williams's construction of this language, that a CPA must be retained but none of the certifications need be submitted "during said year," would render meaningless the order's provision that Williams's law license suspension be suspended for one year only. The order's use of the imperative

8

"shall" indicates that Williams was required to comply fully with the conditions of this one-year suspension of the Board's action within that year to satisfy the terms of the order.

We find no merit in Williams's argument that since he was unable to submit the final quarterly certification "during said year," he should have been allowed to submit all the certifications within a reasonable time after the one-year period had expired. An inability to comply with one portion of an agreed disposition order does not excuse compliance with its remaining terms and conditions. Although Williams would not have been able to submit the fourth quarterly certification "during said year," he made no attempt to have any of the other three quarterly certifications prepared and submitted during that year.

In addition, when Williams was asked what he thought would have been a reasonable time for compliance after the one-year period expired, Williams stated that an additional six-month period would have been reasonable. The record shows, however, that Williams failed to comply with his own definition of a reasonable time for compliance. As stated above, Williams did not submit the required quarterly certifications until over nine months after the end of the one-year period provided in the agreed disposition order.

9

Williams next argues that the Board's imposition of the six-month suspension of his law license is unduly harsh and should be set aside by this Court. He notes that the quarterly certifications of his trust account records showed no violation of Canon 9 of the former CPR, that the public was not harmed by his untimely submission of the certifications, and that he has had no prior disciplinary record in his 30 years of law practice. We are not persuaded by Williams's arguments.

On appeal, we will view the penalty imposed by the Board as prima facie correct, and will not disturb the penalty unless we determine, on our independent review of the record, that the penalty was not justified by the evidence or was contrary to law. Gay v. Virginia State Bar, 239 Va. 401, 407, 389 S.E.2d 470, 473 (1990); Tucker v. Virginia State Bar, 233 Va. 526, 534, 357 S.E.2d 525, 530 (1987). Our Rules give the Board broad discretion to impose a suspension of up to five years for any finding of misconduct. Rules of Supreme Court of Virginia, Pt. 6, § IV, Para. 13 (C)(6) (2000); Gay, 239 Va. at 407, 389 S.E.2d at 473.

While the required quarterly certifications showed that Williams's trust accounts were in compliance with Canon 9 of the former CPR for the year following the agreed disposition order, the Board's order finally suspending Williams's license was based on its finding in 1998 that Williams had mishandled client

10

funds.  By his counsel's endorsement of the agreed disposition order, Williams acknowledged the accuracy of this finding.  The Board's suspension of its sanction in the agreed disposition order "during said year" did not reflect any modification of the Board's finding of misconduct, but was made in mitigation of the penalty imposed by the Board based on Williams's agreement to comply with the terms of the agreed disposition order.

When the Board determines that a respondent has failed to comply with the terms of an agreed disposition order within the specified time period, the alternative disposition set forth in the order shall be imposed.  Virginia State Bar Disciplinary Board Rules of Procedure, Rule IV (D)(11).  The plain language of term 4 of the agreed disposition order states that "[a]ny failure" to fulfill its terms "shall automatically result in the imposition of the Six Months Suspension of license."

The record reflects that the Board considered Williams's arguments before concluding that he had failed to comply with the terms of the agreed disposition order.  After making its finding of noncompliance, the Board properly imposed the alternative disposition of a six-month suspension of Williams's license as provided under the terms of the agreed disposition order.  As we have observed, Williams participated in negotiating the terms of the agreed disposition order and his counsel endorsed the order.  In addition, Williams has

identified no evidence from which we may conclude that the Board abused its discretion in imposing the six-month suspension.

A contrary result would undermine the purpose of the agreed disposition order entered in this case. That purpose was to allow Williams to maintain his license to practice law by agreeing to take certain remedial actions "during said year," which he substantially neglected to do. A failure to uphold the Board's decision also could undermine in future cases the deterrent effect of imposing remedial terms as part of agreed disposition orders.

Accordingly, we will affirm the Board's order suspending Williams's license to practice law in this Commonwealth for six months. Because Williams's suspension had been stayed during the pendency of this appeal, the suspension shall begin on May 1, 2001. Williams shall notify, by certified mail, all clients for whom he is currently handling matters and all opposing attorneys and presiding judges in litigation. Williams shall make appropriate arrangements for the disposition of these matters presently in his care, in conformity with the wishes of his clients.

<u>Affirmed.</u>

JUSTICE KOONTZ, dissenting.

I respectfully dissent. I do so because the majority permits the Virginia State Bar Disciplinary Board (the Board) to

12

suspend Robert Allen Williams' license to practice law in this Commonwealth for a period of six months upon a finding that he failed to fully comply with the terms of an agreed disposition order that is patently impossible to be fully performed as written. In my view, no lawyer should be required to forfeit his or her license to practice law under that circumstance.

As related by the majority, term 2 of the Board's order under consideration provides, in pertinent part, that "during said year [of June 26, 1998 through June 25, 1999] Mr. Williams shall, at his cost, obtain the services of a certified public accountant who shall provide four quarterly written certifications to the Virginia State Bar that the trust account(s) of Mr. Williams are in compliance with Cannon 9 of the current [Code of Professional Responsibility]." (Emphasis added). Presumably, the majority would have to agree that a certified public accountant cannot conduct a proper and meaningful final audit of a bank account for a specific period of time until that period of time has ended. Thus, in this case, there should be no dispute that it was impossible before June 26, 1999 for Mr. Williams' accountant to provide "four quarterly" certifications to the Virginia State Bar that Mr. Williams' trust accounts were properly maintained for the specified year ending on June 25, 1999, as required by term 2 of the Board's order. To avoid that impossibility, it necessarily

13

must follow that the phrase "during said year" specifies the period within which Mr. Williams was required to obtained the services of a certified public accountant, which he did, and not the period within which that accountant was required to provide the four quarterly certifications regarding Mr. Williams' trust accounts.

Nevertheless, the majority reasons that because Mr. Williams "made no attempt to have any of the other three quarterly certifications prepared and submitted during [the year in question]" and he "did not submit the required quarterly certifications until over nine months after the end [of that year]," the Board properly exercised its discretion to suspend Mr. Williams' law license. Clearly, the majority has identified conduct that may be properly characterized as a lack of due diligence by Mr. Williams to timely comply with the "spirit" of the Board's order, but this reasoning does not resolve the patent defect in the Board's order. Moreover, for purposes of guidance in resolving future similar cases that may arise, the practicing bar is left to speculate whether a different result would have obtained in this case had Mr. Williams' accountant provided the Virginia State Bar with one, two, or three certifications "during" the year specified or had he provided all four quarterly certifications within one, twenty, or thirty days after that year ended. That reasonable speculation about

14

what would constitute clear and convincing evidence to establish sufficient cause to explain a failure to comply with a similar order prompts my dissent in this case.

I have no doubt that the Board did not intend to impose an impossible condition upon Mr. Williams by the terms of its order.  Nor do I defend Mr. Williams' attempts to comply with that order.  Nevertheless, the record shows that the Board ultimately ensured that Mr. Williams properly maintained his trust accounts for the required one year and, yet, the Board gave little, if any, weight to the defect in its order in determining to suspend his license to practice law for six months.  When the record in this case is so viewed, I am of opinion that this suspension was unduly harsh.

For these reasons, I would reverse the decision of the Board in this case.