PRESENT: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
          Agee, JJ., and Compton, S.J.

DOMINICK ANTHONY PILLI

v. Record No. 042630   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                    April 22, 2005
VIRGINIA STATE BAR

          FROM THE VIRGINIA STATE BAR DISCIPLINARY BOARD

    This case presents an appeal of right from a ruling of the
Virginia State Bar Disciplinary Board (the Board).  Dominick
Pilli challenges the Board's order suspending his license to
practice law in the Commonwealth for a period of 90 days based
on its finding that Pilli violated Rule 8.2 of the Virginia
Rules of Professional Conduct.

    The Board found that Pilli made certain statements with
reckless disregard as to their truth or falsity concerning the
qualifications and integrity of a judge.  The issue before us is
whether the Board's finding is supported by a reasonable view of
the evidence and is in accordance with the law.  See Williams v.
Virginia State Bar, 261 Va. 258, 264, 542 S.E.2d 385, 389
(2001); Myers v. Virginia State Bar, 226 Va. 630, 632, 312
S.E.2d 286, 287 (1984).

    In October 2001, Judge Michael J. Cassidy of the Fairfax
County General District Court issued a "show cause" summons
against Pilli charging him with failing to appear in court
regarding a misdemeanor traffic offense for which Pilli was

counsel of record.  In response, Pilli filed a "motion to remove show cause," requesting dismissal of the summons based on his understanding that the traffic case had been continued to a date in January 2002.  A few days later, Judge Cassidy heard argument on Pilli's motion, denied the motion, and set the show cause hearing and underlying traffic case for trial on December 11, 2001.

Pilli failed to appear before Judge Cassidy on December 11, 2001, when the show cause matter and traffic case were "called" in court.  Judge Cassidy tried Pilli in his absence, found him in contempt of court, and imposed a $250 fine.  Later that afternoon, Pilli filed a motion to rehear, which he argued the next day.  On December 12, 2001, Judge Cassidy refused to set aside his contempt finding, but suspended $150 of the fine.  Judge Cassidy set forth his findings in two orders, which recited the proceedings in the matter.

On December 28, 2001, Pilli filed a "Reply to Supplemental Order of Judge Cassidy (December 12, 2001)" (the Reply).  The stated purpose of the Reply was "to clarify the errors which Judge Cassidy has so negligently and carelessly, (a second time) failed to give consideration to, in these matters."  Pilli accused Judge Cassidy of "skewing . . . the facts" and "fail[ing] to tell the truth."  Pilli further stated, "I cannot tolerate a Judge lying to this Court, to this Attorney, to the

2

Judicial Review Commission and to the Virginia State Bar. He is flat out inaccurate, and wrong." Pilli also threatened to use his "influence . . . to have [Judge Cassidy] removed" from office.

Pilli appealed his contempt conviction to the circuit court, which found him guilty of the charge. The court sentenced Pilli to serve four days in jail.

In January 2004, a subcommittee of the Virginia State Bar (the Bar) certified four charges of misconduct against Pilli to the Board. The Bar charged Pilli with: (1) making a false statement of fact to a tribunal and offering evidence that the lawyer knows to be false, in violation of Rule 3.3; (2) committing a criminal or deliberately wrongful act that reflects adversely on the lawyer's fitness as a lawyer, in violation of Rule 8.4(b); (3) engaging in professional conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Rule 8.4(c); and (4) making a statement that the lawyer knows to be false or with reckless disregard to its truth or falsity concerning the qualifications or integrity of a judge, in violation of Rule 8.2.

In August 2004, the Board held a hearing on the four charges of misconduct. The Board ultimately dismissed the charges relating to the alleged violations of Rule 3.3, Rule

8.4(b), and Rule 8.4(c), and found Pilli in violation of Rule 8.2.

The Board received evidence concerning Pilli's failure to appear in court on both October 16, 2001 and December 11, 2001, and Pilli's actions in drafting the Reply "pleading." The evidence presented by the Bar showed that Pilli initially had requested a four-month continuance of a misdemeanor traffic charge set for September 17, 2001. Based on the general district court's administrative procedures, the court clerk processing the request was only authorized to continue the case to the arresting officer's next available court date, October 16, 2001.

A continuance on a misdemeanor charge beyond the officer's first available date could be obtained only with the approval of a judge. Under the court's procedures, upon submitting his continuance request, Pilli would have been instructed to contact the clerk's office after September 18, 2001, to confirm whether a judge had agreed to the extended continuance and to obtain the new hearing date.

The traffic case was continued to October 16, 2001. Judge Cassidy testified that Pilli did not appear on that date or on December 11, 2001. Judge Cassidy further stated that when the show cause summons was called for trial on December 11, 2001,

4

court personnel were unable to locate Pilli anywhere in the courthouse.

Pilli testified that his secretary verified with court personnel that the traffic case was continued to January 17, 2002. Pilli admitted that he did not appear in Judge Cassidy's courtroom on December 11, 2001, when the show cause summons was called for trial, because he was attending to another matter in a nearby courthouse. He stated that he had asked the prosecutor handling the show cause summons to "pass" the case until he returned.

According to Pilli, when he arrived back at the Fairfax County Court House, the courtroom to which his case was assigned was closed. Pilli stated that he wrote the Reply "emotionally" because he was "upset" and "frustrated" with the manner in which Judge Cassidy handled the show cause matter.

The Board found by clear and convincing evidence that Pilli "made statements with reckless disregard concerning Judge Cassidy's qualifications and integrity." The Board further found that Pilli's Reply contained "numerous statements which are inappropriate, without basis in fact, and which clearly accuse Judge Cassidy of mendacity and incompetence." After considering Pilli's prior disciplinary record, which included two public reprimands and two private reprimands, the Board

5

suspended Pilli's license to practice law for 90 days.  Pilli appeals.

Pilli argues that the Bar failed to present clear and convincing evidence to support a violation of Rule 8.2.  Pilli asserts that his statements in the Reply were "merely opinions," and that Rule 8.2 only applies to statements of fact.  Pilli argues alternatively that any statements in the Reply that were factual in nature had an objectively reasonable basis and were not made with reckless disregard as to their truth or falsity.

In response, the Bar argues that the statements Pilli made in his Reply establish by clear and convincing evidence that he violated Rule 8.2.  The Bar asserts that Pilli's numerous accusations that Judge Cassidy lied clearly impugned the judge's integrity and were made with reckless disregard as to their truth or falsity.

We consider the parties' arguments under an established standard of review.  In reviewing the Board's decision in a disciplinary proceeding, we conduct an independent examination of the entire record pertaining to the charge before us. Williams, 261 Va. at 264, 542 S.E.2d at 389; El-Amin v. Virginia State Bar, 257 Va. 608, 612, 514 S.E.2d 163, 165 (1999); Myers, 226 Va. at 632, 312 S.E.2d at 287.  We consider the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the Bar, the prevailing party in the

6

Board proceeding.  Williams, 261 Va. at 264, 542 S.E.2d at 389; El-Amin, 257 Va. at 612, 514 S.E.2d at 165; Gunter v. Virginia State Bar, 238 Va. 617, 619, 385 S.E.2d 597, 598 (1989).

We accord the Board's factual findings substantial weight and view those findings as prima facie correct.  Williams, 261 Va. at 264, 542 S.E.2d at 389; El-Amin, 257 Va. at 612, 514 S.E.2d at 165; Myers, 226 Va. at 632, 312 S.E.2d at 287.  Although we do not give the Board's conclusions the weight of a jury verdict, we will sustain those conclusions unless it appears that they are not justified by a reasonable view of the evidence or are contrary to law.  Williams, 261 Va. at 264, 542 S.E.2d at 389; Myers, 226 Va. at 632, 312 S.E.2d at 287.

In reviewing the Board's determination that Pilli violated Rule 8.2, we observe that two separate elements must be established to prove a violation of that Rule.  First, the Bar must establish that a lawyer made a statement about a judge or other judicial officer involving his or her qualifications or integrity.  Second, the Bar must prove that the statement was made with reckless disregard of its truth or falsity or with knowledge that the statement was false.

In the present case, we hold that the Board's conclusions are justified by a reasonable view of the evidence, and that the record supports the Board's determination that there is clear and convincing evidence that Pilli violated Rule 8.2.  Pilli's

7

own testimony established the first element of proof, namely, that he made statements concerning the qualifications or integrity of Judge Cassidy. At the hearing before the Board, the Bar's counsel asked Pilli, "Do you feel like you impugned the integrity of Judge Cassidy?" Pilli replied, "I think it would be questioned by what I wrote, yes."

Even in the absence of Pilli's concession, the record leaves no doubt that Pilli's remarks constituted an attack on Judge Cassidy's qualifications and integrity. In the most vitriolic of terms, Pilli accused Judge Cassidy of lying, of "skewing" the facts, and of various acts of incompetence. The very content of these accusations refutes Pilli's argument that he made objectively reasonable statements concerning Judge Cassidy's integrity and qualifications.

With regard to the second element of proof under Rule 8.2, the record establishes that Pilli made these statements about Judge Cassidy with reckless disregard as to their truth or falsity. Pilli responded to what likely was an administrative mistake made by either his staff or the court's staff by personally attacking Judge Cassidy. This personal attack accused Judge Cassidy of lying and other professional misconduct without any basis in fact and with utter indifference to the absence of such facts.

We find no merit in Pilli's contention that he did not violate Rule 8.2 because his statements about Judge Cassidy were merely statements of opinion, rather than of fact. Pilli's repeated accusations that Judge Cassidy lied were assertions of fact that were plainly within the scope of remarks proscribed by Rule 8.2. Thus, we need not address the issue whether statements of pure opinion, in the absence of any factual allegations, are subject to disciplinary review under Rule 8.2.[*]

Finally, we observe that these written statements by a member of the bar of this Commonwealth, published in the form of a "pleading" filed with a court, are more than merely a troubling reflection of the author's lack of professionalism. Such statements also may have the undeserved effect of diminishing the public's perception of the numerous lawyers and judges who so ably serve the citizens of this Commonwealth.

Because the present record supports the Board's determination that Pilli violated Rule 8.2, we will affirm the Board's order suspending Pilli's license to practice law in this Commonwealth for a period of 90 days. In light of the fact that Pilli's suspension was stayed during the period this appeal was

---

[*] We also do not consider Pilli's argument that his statements are protected by the First Amendment, or his due process argument concerning the charges of misconduct, because he did not assign error on either basis to this Court. See Rule 5:17(c). These arguments are also barred because Pilli failed to raise either argument before the Board. See Rule 5:25.

pending, the suspension shall begin on June 22, 2005.  Pilli shall notify, by certified mail, all clients for whom he is currently handling matters and all opposing attorneys and presiding judges in litigation.  Pilli shall make appropriate arrangements for the disposition of those matters presently in his care, in conformity with the wishes of his clients.

<u>Affirmed.</u>