

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-10-2008

# In Re: Isidoro Rodri

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-8037

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Isidoro Rodri " (2008). *2008 Decisions*. Paper 131.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/131

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## C.A. Misc. Record No. 08-8037

## In the Matter of: Isidoro Rodriguez, Esq.

## O R D E R

Present:    Scirica, <u>Chief Judge</u>, Sloviter, McKee, Rendell, Barry, Ambro, Fuentes, Smith, Fisher, Chagares, Jordan and Hardiman, <u>Circuit Judges</u>

This order is issued pursuant to Rule 12.4 of the <u>Third Circuit Rules of Disciplinary Enforcement</u> with respect to an application for reinstatement filed by Isidoro Rodriguez, Esquire, a member of this Court's bar.

On September 23, 2008, the Standing Committee on Attorney Discipline held a hearing regarding Mr. Rodriguez's reinstatement application. On October 21, 2008, the Standing Committee on Attorney Discipline filed a Report and Recommendation recommending that Mr. Rodriguez's application for reinstatement be denied. Mr. Rodriguez filed Exceptions to the Report and Recommendation on November 5, 2008. Subsequently, the Report and Recommendation, the Exceptions thereto, and the record in the disciplinary proceeding were submitted to the active judges of the Court for consideration.

On consideration of the Report and Recommendation, the Exceptions to the Report and Recommendation, and the record referred to the Court by the Standing Committee on Attorney Discipline,

It is O R D E R E D that the Report and Recommendation of the Standing Committee on Attorney Discipline is approved and adopted and the application for reinstatement is denied. In accordance with Rule 12.3, <u>Third Circuit Rules of Disciplinary Enforcement</u>, no new petition for reinstatement may be filed within one (1) year following this adverse determination.

It is further O R D E R E D that this order and the Report and Recommendation will be disseminated and published in the <u>Federal Appendix</u> in the same fashion as an opinion of this Court that has not been selected for publication in the

<u>Federal Reporter</u>. In accordance with Rule 11, <u>Third Circuit Rules of Attorney</u> <u>Disciplinary Enforcement</u>, the order and Report and Recommendation will also be sent to all courts before which Mr. Rodriguez has been admitted to practice and to the National Disciplinary Data Base, and will be maintained by the clerk as a public record as required by Rule 14.3, <u>Third Circuit Rules of Attorney Disciplinary Enforcement</u>.[1]

For the Court,

/s/ Anthony J. Scirica
Chief Judge

Dated: December 10, 2008

A True Copy:

Marcia M. Waldron, Clerk

---

[1]Due to their bulk, the exhibits to the Report and Recommendation are not attached here.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

C.A. Misc. Record No. 08-8037

_____

In the Matter of: Isidoro Rodriguez, Esq.

_____

REPORT AND RECOMMENDATION OF THE STANDING
COMMITTEE ON ATTORNEY DISCIPLINE

_____

BEFORE: GREENBERG, Chairperson and AMBRO and
FISHER, Circuit Judges

This matter has come on before this Court, acting through its Standing Committee

on Attorney Discipline (hereinafter called "Standing Committee" or "Committee"), at a

hearing conducted in Philadelphia, Pennsylvania, on September 23, 2008, in the following

circumstances. The petitioner, Isidoro Rodriguez, who has been a member of the bar of

this Court since on or about January 9, 1994, having been admitted on the basis of his

prior admission to the bar of the Commonwealth of Virginia, initiated these proceedings

seeking reinstatement to the bar of this Court following his disbarment in this Court

predicated on the revocation of his license to practice law in the Commonwealth of

Virginia. So far as the Committee is aware, Rodriguez never had been the subject of any

disciplinary proceedings before this Court prior to the proceedings resulting in his

disbarment in this Court followed by his application for reinstatement leading to the

hearing in this matter. It also should be noted that Rodriguez advised the Committee at

the hearing that he has not participated as an attorney in any case before this Court since

the mid-1990s, an assertion which the records of this Court confirm.

The proceedings now before the Court in an immediate sense were initiated on November 28, 2006, when the Virginia State Bar Disciplinary Board, after a contested trial-type hearing at which witnesses testified and documents were considered, entered an order providing that Rodriguez's "license to practice law in the Commonwealth of Virginia is revoked, effective October 27, 2006." The license revocation is the equivalent of a disbarment as, unlike a suspension, by its terms a revocation is effective for an unlimited period. Such was the case here. The Committee notes that Virginia follows a disciplinary procedure in which the Disciplinary Board of the Virginia State Bar issues orders in disciplinary matters from which aggrieved parties may appeal to the Supreme Court of Virginia.

The Committee is supplying the 22-page order of the Virginia Disciplinary Board revoking Rodriguez's license with this Report and Recommendation. The order makes clear that the Disciplinary Board predicated its disbarment order on Rodriguez's conduct in two distinct matters, one a claim involving his representation of a corporation called Sea Search Armada in a commercial dispute and the other a child custody dispute involving his son. In view of the circumstance that these proceedings arise in a reciprocal disbarment situation we do not describe those two matters further. Following entry of the disbarment order Rodriguez appealed to the Supreme Court of Virginia, which on June 29, 2007, issued an order affirming the Disciplinary Board's order of November 28, 2006.

2

Rodriguez has attached a copy of the June 29, 2007 order to his brief in support of his application for reinstatement and thus the order is before this Court. Then on July 17, 2007, for the reasons that it had stated in its June 29, 2007 order the Supreme Court of Virginia again affirmed the order of the Disciplinary Board and in a separate order also entered on July 17, 2007, the court denied Rodriguez's motion to defer issuance of the mandate in the case. The Committee is supplying these orders with this Report and Recommendation. Though Rodriguez has challenged the Disciplinary Board's and the Supreme Court of Virginia's orders in various state and federal proceedings, and indeed does so in these proceedings as he regards them as null and void, no court ever has vacated, reversed, set aside, stayed, or in any other way issued an order impairing the effectiveness of the Virginia orders.

Rule 6.1 of the <u>Third Circuit Rules of Attorney Disciplinary Enforcement</u> (hereinafter called "Rule" or "Rules"), required Rodriguez to notify the Clerk of this Court of his license revocation within ten days and Rule 6.2 obliged the Clerk to refer all information received by her with respect to the revocation to this Committee. Though Rodriguez did not strictly comply with Rule 6.1, on December 14, 2006, he did comply substantially with the Rule by sending a letter referring to proceedings relating to his license revocation in the United States Court of Appeals for the Fourth Circuit. The letter indicated that "without either statutory authority or even authority under the Rules of the Virginia Supreme Court, but in [sic] instead emboldened and motivated by 'Beltway'

3

political cronyism . . . in retaliation and as punishment for: (a) my litigating against the Executive Branch since July 2001, to protect my rights as a father under VaCode, Treaty and Federal Statute; and (b) for my litigating to enforce and protect my perfected Virginia Attorney's Lien from a Business Conspiracy" "the Virginia State Bar Disciplinary System issued a void Summary and Memorandum Orders [sic] revoking my license to practice law in that jurisdiction as of October 27, 2006." The Committee is supplying a copy of that letter with this Report and Recommendation. It appears, however, that the clerk did not refer the December 14, 2006 letter to the Standing Committee and thus the Committee did not act on the matter at that time.

Under Rule 7, when another court disbars a member of the bar of this Court the disbarment is immediately and automatically effective in this Court and the Chairperson of the Standing Committee enters an order imposing the same discipline. However, under the Rule "failure to enter an order does not affect the effective date" of the disbarment. In this case, inasmuch as the Clerk did not refer the matter to the Standing Committee until 2008, by which time it had become clear that Rodriguez would contest his disbarment, the Chairperson has not entered an order disbarring Rodriguez. Nevertheless the Clerk correctly has advised Rodriguez that, in view of the Virginia proceedings, he is disbarred in this Court. It should be noted that inasmuch as Rodriguez has not appeared or sought to appear in this Court as an attorney since long before the Virginia disbarment proceedings, he has not practiced in this Court while disbarred.

4

Rodriguez now has filed an application for reinstatement as a member in good standing of the bar of this Court.[1] He entitles his brief as "Brief in Support of Reinstatement as a member in good standing of this Circuit Court's Bar and Opposition to summary imposition of identical discipline of the Virginia State bar based on the void order doctrine, the Rules Enabling Act and stare decisis of Selling, Theard, and Konigsberg."[2] The reference to the Rules Enabling Act is to 28 U.S.C. § 2072(b) and the references to the three cases are to Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377 (1917), Theard v. United States, 354 U.S. 278, 77 S.Ct. 1274 (1957), and Konigsberg v. State Bar of California, 353 U.S. 252, 77 S.Ct. 722 (1957).

The materials before this Court consist of the following documents:

December 14, 2006 letter from Rodriguez to this Court;

May 20, 2008 letter from Rodriguez to this Court;

Rodriguez's opening brief in the Supreme Court of Virginia on his appeal;

---

[1]The Committee is aware that Rule 12.2 provides that "[a]n attorney who has been disbarred may not apply for reinstatement until the expiration of five (5) years from the effective date of the disbarment." It notes, however, that under Rule 7.1 an automatic disbarment order is entered "without prejudice to the attorney moving before this Court for reinstatement." The Committee believes that in these circumstances the Court should entertain Rodriguez's application even though the Virginia revocation proceedings resulted in orders entered within the last five years.

[2]The Committee notes that even though Rodriguez has filed certain documents with this Court seeking relief beyond reinstatement to the bar of this Court, the Court is confined to considering this case as a reinstatement application because Rodriguez has not paid the $450 filing fee for a petition seeking broader relief than reinstatement. At the hearing he attributed his failure to pay the $450 fee to financial difficulties.

Appellee's brief in the Supreme Court of Virginia on Rodriguez's appeal;

Rodriguez's reply brief in the Supreme Court of Virginia;

Appendix to Rodriguez's brief in the Supreme Court of Virginia, Volumes 1 and 2;

Rodriguez's Petition for a Virginia Legislative Investigation, August 8, 2007;

Report of the Virginia State Disciplinary Board Order of Virginia State Disciplinary Board, November 28, 2006;

Order of the Virginia Supreme Court, July 17, 2007;

March 4, 2008 letter from Barbara J. Balogh of the Virginia State Bar;

June 18, 2008 letter from Rodriguez to Balogh;

May 28, 2008 letter from the clerk to Rodriguez;

June 18, 2008 letter from Rodriguez to this Court Requesting Reinstatement;

Rodriguez's Reinstatement Brief Received June 20, 2008;

July 11, 2008 clerk's letter to Rodriguez;

Order of the Virginia Supreme Court, June 29, 2007;

May 28, 2008, clerk's letter to Rodriguez;

Third Demand to Show Cause Hearing;

Order of the Supreme Court of Virginia dated July 17, 2007, denying Rodriguez's motion to stay issuance of the mandate; and

Rodriguez's September 14, 2008, petition for mandamus with covering letter to the Supreme Court of the United States.

It is apparent from the record that these reinstatement proceedings are part of a much larger picture in which Rodriguez has challenged his Virginia disbarment in various federal and state proceedings. The Committee, though not listing all of these proceedings in this Report and Recommendation, mentions two of them because it believes that it is not possible from the documents supplied to the Court to ascertain their disposition. The Committee nevertheless has become aware of their disposition, as Rodriguez advised the Committee of their status at the hearing. In one matter Rodriguez filed a petition pursuant to the Virginia Constitution with the Virginia Legislature entitled "Petition by Isidoro Rodriguez, Esq., for Impeachment for Malfeasance" "to investigate the Supreme Court of Virginia, the Virginia State Bar, and the Office of the Attorney General, and to impeach each official guilty of for [sic] malfeasance in office for violation of the law of Virginia and Treaty." By "Treaty" Rodriguez was referring to the Hague Convention on the Civil Aspects of the International Child Abduction Act. In this regard he cited <u>Cantor v. Cohen</u>, 442 F.3d 196, 199 (4th Cir. 2006), in his petition. At the hearing before the Committee Rodriguez indicated that, at least to this time, he has not been successful with respect to his impeachment application and it has yielded no substantive results.[3]

In the other matter Rodriguez filed a petition for a writ of mandamus and prohibition pursuant to 18 U.S.C. §§ 4 and 3771 in the Supreme Court of the United

---

[3]He also filed a second but similar petition with the Virginia Legislature entitled "Petition for Legislative Investigation and Impeachment for Malfeasance in Office." This petition has not yielded substantive results either.

7

States on or about September 14, 2008.[4] The Committee is supplying the Petition with this Report and Recommendation. Inasmuch as Rodriguez's letter dated September 14, 2008, to the Clerk of the Supreme Court explains the relief he sought by filing the petition, the Committee has quoted it in full:

Dear Mr. Suter:

The undersigned, a member of the bar of this Honorable Court, files forty copies of the Petition for Writ of Mandamus and Prohibition, with Appendix, to for [sic] the issuance of an order to compel Respondents The Hon. Chief Justice John G. Roberts in his capacity as Circuit Justice for the Fourth and D.C. Circuits; The Justice of the U.S. Court of Appeals for the Second, Third, Fourth, Tenth, Federal, and District of Columbia Circuits; The Judges of the U.S. District Court for the District of Columbia and the U.S. District Court for the Eastern District of Virginia, the U.S. Tax Court, the Attorney General of the United States, Department of Justice, United States Attorney for the Eastern District of Virginia, the United States Attorney for the District of Columbia, and the Solicitor General of the United States:

first, to immediate [sic] comply with 18 U.S.C. §§ 4 and 3771, so to protect me as a victim of [ ] on going federal crimes in violation of 18 U.S.C. §§ 241, 242, 1001, and 1513; and,

second, for the above federal courts to conduct an immediate impartial Show Cause Hearing.

Pursuant to 18 U.S.C. § 3771, the Writ of Mandamus and Prohibition must be issued or denied within 72 hours.

Enclose [sic] are Certificate of Service, Certificate of Counsel, and a check for $300.00 for the filing fee.

---

[4]It does not appear that 18 U.S.C. §§ 4 and 3771 provide for the type of relief Rodriguez seeks.

8

It will be noted that in his covering letter Rodriguez told the Supreme Court that "the Writ of Mandamus and Prohibition must be issued or denied within 72 hours." In view of that unusual directive by a litigant to the Supreme Court and the circumstance that the 72-hour period had expired before the hearing, the Committee inquired of Rodriguez at the hearing of the status of his petition. He advised the Committee that the Court had not taken action on it, as the time for the Solicitor General of the United States to respond had not expired. Thus, at the time of the hearing, Rodriguez's Supreme Court petition still was pending.

In this Court Rodriguez makes the following contentions:

1.  THE VIRGINIA STATE BAR AND SUPREME COURT OF VIRGINIA HAVE ISSUED <u>VOID</u> ORDERS REVOKING RODRIGUEZ'S LICENSE TO PRACTICE LAW.

    A. The Virginia State Bar's order is void because it has no jurisdiction or judicial authority as a Court of Record.

    B. The Virginia State Bar and Supreme Court of Virginia's orders are void because they violated the prohibition against their taking disciplinary action against an attorney for petitioning the government and litigating to enforce his statutory rights.

2.  THE RIGHT TO <u>DUE</u> PROCESS AND THE <u>VOID</u> ORDER DOCTRINE PROHIBITS GIVING FORCE AND EFFECT TO <u>VOID</u> ORDERS.

3.  THIS COURT HAS A DUTY TO PROTECT RODRIGUEZ AS A VICTIM OF FEDERAL CRIMES BY THE ISSUANCE OF <u>VOID</u> ORDERS.

For reasons that we explain below, under well-established principles this Court

9

should regard the Virginia proceedings as valid to the extent that they depend on issues of Virginia law. In light of our conclusion with respect to the effect of the Supreme Court of Virginia's determinations of Virginia law, we quote the issues Rodriguez raised in his brief in support of his appeal to the Virginia Supreme Court from the revocation order:

1. As to the First Assignment of Errors, the proceedings and orders of the VSB's Orders [sic] not valid and are void, for violating Art. VI, § 1 of the Va. Constitution.

2. As to the Second Assignment of Errors, the VSB's proceedings and orders are void under VA Code § 54.1-3935.

3. As to the Third Assignment of Error, the VSB's proceedings and orders violated VA Code § 54.1-3915, because they are inconsistent with Rodriguez's statutory rights.

4. As to the Fourth Assignment of Error, the VSB's orders violated Article I § 8 and § 11 of Va. Const., Va. Code § 54.1-3915 and Va. Code § 8.01-336(A), and the 6th and 14th Amendments to the U.S. Constitution, and Va. Code § 54.1-3915, when it denied Rodriguez's request for a jury trial before a court of competent jurisdiction.

5. As to the Fifth Assignment of Error, the VSB's proceedings and orders violated Art. I § 8 and 11 of the Va. Const., the Rules of the Supreme Court of Virginia, and the 5th, 6th, and 14th Amendments to the U.S. Constitution, by denying Rodriguez's request for the issuance of witness summonses, witness subpoenas duce [sic] tecum, and to a full cross-examination of VSB's witnesses.

6. As to the Sixth Assignment of Error, the VSB's proceedings and orders violated Art. 1 § 8 of the Va. Const., the Rules of the Supreme Court of Virginia, and the 5th and 14th amendment to the U.S. Constitution, by stigmatizing and punishing him for litigating to stop the obstruction with his parental rights to visitations under Va. Code § 20-146.25, and

10

Art 21. of the Treaty; and for litigating to enforce and protect his business and profession, as well as his substantial property rights in his perfected attorney's lien, from a business conspiracy.

In his answering brief the Attorney General of Virginia on behalf of the Virginia State Bar made the following contentions:

1. The Board's proceedings and orders are not void and the Board did not violate Article VI, § 1 of the Virginia Constitution.

2. The Board's proceedings and orders are not void under Va. Code § 54.1-3935.

3. The Board's proceedings and orders did not violate Va. Code § 54.1-3915 because they are consistent with Rodriguez' statutory rights.

4. The Board properly denied Rodriguez' request for a jury trial.

5. Rodriguez' requests for the issuance of witness summonses and subpoenas duces tecum were properly denied and Rodriguez had an opportunity to cross-exam [sic] the Bar's witnesses.

6. The Board did not stigmatize or punish Rodriguez for litigating his parental and property rights.

The Supreme Court of Virginia on June 29, 2007, ruled as follows on Rodriguez's appeal:

Upon an appeal of right from an order entered by the Virginia State Bar Disciplinary Board.

Upon consideration of the record, and arguments by appellant, in proper person, and by counsel for the appellee, the Court is of the opinion

11

that there is no error in the order of the Virginia State Bar Disciplinary Board (the "Board") revoking Isidoro Rodriguez's license to practice law in the Commonwealth of Virginia based upon finding that he violated Rules 1.2, 1.5, 1.7, 1.16, 3.1, 3.4, 3.7, 4.4, 7.1, and 8.4 of the Virginia Rules of Professional Conduct.

> In reviewing the Board's decision in a disciplinary proceeding, we conduct an independent examination of the entire record. We consider the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the Bar[,] the prevailing party in the Board proceeding. We give the Board's factual findings substantial weight and view them as prima facie correct. While we do not give the Board's conclusions the weight of a jury verdict, we will sustain those conclusions unless it appears they are not justified by reasonable view of the evidence or are contrary to law. Barrett v. Virginia State Bar, 269 Va. 583, 587-88, 611 S.E.2d 375, 377 (2005) (quoting Williams v. Virginia State Bar, 261 Va. 258, 264, 542 S.E.2d 385, 389 (2001)) (citations omitted); see also El-Amin v. Virginia State Bar, 257 Va. 608, 612, 514 S.E.2d 163, 165 (1999); Myers v. Virginia State Bar, 226 Va. 630, 632, 312 S.E.2d 286, 287 (1984).

In making its determination, the Board considered allegations that Rodriguez violated the Rules of Professional Conduct during litigation involving two sets of cases. One group of cases involved Rodriguez's relationship and work with Sea Search Armada. The other group involved custody litigation regarding his son. The Virginia State Bar proved by clear and convincing evidence that Rodriguez violated Rules 1.2(a), 1.5(a), 1.16(a)(3), 3.4(i), 7.1(a), and 8.4(b) and (c) in his relationship with and representation of Sea Search Armada, including his attempts to recover unpaid attorney's fees. The Virginia State Bar proved by clear and convincing evidence that Rodriguez violated Rules 1.7(b), 3.1, 3.4(d)(h)(i)(j), 3.7(a), 4.4, and 8.4.

12

We independently review each of the alleged rule violations and find no error in the Board's order. Accordingly, the order appealed from is affirmed. Appellant shall pay to the appellee thirty dollars damages.

Then on July 17, 2007, the Supreme Court entered the following order:

Upon an appeal of right from an order entered by the Virginia State Bar Disciplinary Board.

For the reasons stated in this Court's order dated June 29, 2007 and filed with the record, the Court is of [the] opinion that there is no error in the order appealed from. Accordingly, the order is affirmed. The appellant shall pay to the appellee thirty dollars damages.

This order shall be certified to the Virginia State Bar Disciplinary Board.

As we have indicated, it is clear that this Court should regard the Virginia proceedings as valid under Virginia law. As we stated in State Farm Mutual Automobile Insurance Co. v. Coviello, 233 F.3d 710, 713 (3d Cir. 2000), "[w]hen ascertaining Pennsylvania law, the decisions of the Pennsylvania Supreme Court are, of course, the authoritative source." Though we ordinarily apply this principle with respect to the effect of state law in diversity of citizenship cases, this circumstance is traceable to the fact that usually state law becomes implicated in diversity cases. But we see no reason why it should not apply here as well.

We are well aware that the important circumstance that the Virginia proceedings are valid under Virginia law does not mean this Court cannot reinstate Rodriguez to

13

practice in this Court. Indeed, it is clear that even in a reciprocal disciplinary proceeding arising following imposition of discipline in another court, a federal court has the power to determine who may be admitted to its bar. See In re Surrick, 338 F.3d 224, 230-31 (3d Cir. 2003). Certainly that principle applies with respect to an application for reinstatement. Moreover, we recognize that a state court disbarment proceeding will not be valid if it was entered without due process of law, was not predicated on sufficient evidence, or for some other reason should not be recognized. See Selling, 243 U.S. at 51, 37 S.Ct. at 379. In this case, however, it is perfectly clear that the Virginia proceedings were valid as a matter of federal law and Rodriguez's contentions to the contrary are completely unmeritorious and require no discussion. In this regard, we observe that the Virginia Disciplinary Board entered its November 28, 2006 order following a hearing at which witnesses were called and cross-examined and arguments were entertained. Thus, the Virginia proceedings were dissimilar to the reciprocal proceedings in this Court, as Rodriguez's disbarment in this Court was predicated on the undisputed fact that Virginia disbarment orders had been entered against him, a circumstance that did not have to be established at a hearing. Overall, inasmuch as it is clear that Rodriguez's disbarment in Virginia is unassailable so far as our Court is concerned.

Notwithstanding the circumstance that Rodriguez has been validly disbarred in Virginia and in this Court by the terms of Rule 7.1, we reiterate that there is no doubt that this Court is empowered to reinstate him. But the Committee sees no reason why this

14

Court should do so. Indeed, his comprehensive brief in this Court in support of his

application for reinstatement rests entirely on his claim that the Virginia order is void, a

position the Committee may not accept. In order that there be no misunderstanding with

respect to his argument in his brief, we quote his summary of his argument in full:

> This Court in the interest of justice, compliance with the Rule of
> Law, and duty to assure due process, cannot declare Rodriguez ineligible to
> practice for the following reasons:
>
> First, based on the void order or judgment doctrine Rodriguez has
> been denied of his right to due process as mandated of Selling v. Radford,
> 243 U.S. 46, 49-51 (1917), Theard v. United States, 354 U.S. 278, 282
> (1957) and, Konigsberg v. State Bar, 353 U.S. 252, 273 (1957). The
> evidence and law confirm: (a) that the Virginia Supreme Court has acted
> outside of their judicial capacity and jurisdiction by granting under its Rules
> greater authority to the Virginia State Bar to act beyond being only an
> administrative arm of the Supreme Court of Virginia as the General
> Assembly mandated pursuant to Va. Code §§ 54.1-3909, 54.1-3910; and,
> (b) that through the promulgation of the Supreme Court of Virginia Rules
> they have intentionally violated the mandate of separation of power [sic]
> under Article VI § 1, § 5 and § 7 of the Constitution of Virginia (Add-b),
> and usurped the judicial authority granted only to courts of record by the
> General Assembly so to permit the Virginia State Bar to revoke a Virginia
> attorney's license in violation of Va. Code § 54.1-3935 (Add-f);
>
> Second, the evidence confirms that Virginia State Bar and the
> Supreme Court of Virginia have issued a void order violating Va. Code §
> 54.1-3915 (Add-e), by punishing Rodriguez for petitioning the General
> Assembly and Congress for an investigation of the Courts of Virginia
> (Respondent's Exhibit 2c and 2d) (hereinafter cites as "Ex-"), and litigating
> to enforce his statutory rights as a parent pursuant to Art. 21 of the Hague
> Convention on the Civil Aspects of International Child Abduction, Oct 25,
> 1980, T.I.A.S. No. 11670, 19 I.L.M 1501 (Add-a) ("the Treaty"), and the
> Virginia's Uniform Child Custody Jurisdiction and Enforcement Act, Va.
> Code 20-146.25 (Add-e) ("Va UCCJEA") (see Cantor v. Cohen, 442 F.3d
> 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915). Thus based on the
> Rules Enabling Act, 28 U.S.C. § 2072(b), this Court cannot by its Rules

15

deprive Rodriguez of his substantive right protected by the United States Constitution and federal statute; and,

Third, the Court has a Congressionally mandated duty pursuant to 18 U.S.C. § 3771, to protect Rodriguez as a victim of ongoing federal crimes (Ex- 2a, 2b, 2c, 2d, and 2e), by the issuance of void orders as part of a criminal enterprise to injure, punish, and stigmatize Rodriguez in retaliation of his petitioning Congress and the General Assembly and for litigating against the obstruction of his parental rights in violation of Treaty and Va. UCCJEA, and for litigating to enforce his perfected Virginia Attorney's Lien, all in violation of 18 U.S.C. § 4 (federal crime reporting statute), 18 U.S.C. § 241 and 242, (conspiracy in retaliation for exercising federal rights), § 1001 (making false statements of Congress), § 1204 (obstruction of parental rights), § 1510, § 1511 (obstructing the enforcement of state law), § 1513 (retaliating against a victim), and 5 U.S.C. § 702 (failure to do official acts, i.e., enjoining perjury and malfeasance).

Usually reinstatement applications do not challenge the initial disbarment or suspension. Rather, to satisfy the requirements of Rule 12.4 dealing with reinstatements, an applicant attempts to demonstrate by clear and convincing evidence that he or she has the moral qualifications, competency, and learning in the law required for admission to practice before this Court and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest. But Rodriguez has eschewed that approach and argues only that his license to practice law should not have been revoked in Virginia and thus he should not have been disbarred in this Court. But clearly the Virginia disbarment is unassailable by our Court and thus the disbarment in this Court is valid, and inasmuch as Rodriguez has not made any effort to make a showing to satisfy the requirements of Rule 12.4, he has not met his burden of proof under that Rule.

16

In view of the aforesaid, the Committee recommends to this Court that it deny Rodriguez's application for reinstatement.

Respectfully submitted,

/s/ Morton I. Greenberg
Circuit Judge

/s/ Thomas L. Ambro
Circuit Judge

/s/ D. Michael Fisher
Circuit Judge



**A True Copy:**

Marcia M. Waldron, Clerk

17