# Richmond

BETTY COCKERHAM ALLS v. DONALD EUGENE ALLS.

June 13, 1975.

Record No. 740832.

Present, All the Justices.

*S.S.C. Drake,* for appellant.

*Wm. Rosenberger, Jr. (Frank West Morrison,* on brief), for appellee.

Per Curiam.

Suit for divorce was instituted in the trial court on April 18, 1974, by Betty Cockerham Alls (wife) against Donald Eugene Alls (husband) alleging cruelty. The wife's bill was subsequently amended to charge both cruelty and constructive desertion. The husband denied

the allegations of the wife's bill and amended bill and filed a cross-bill alleging that the wife deserted him on April 19, 1974.

After hearing the evidence *ore tenus* on June 28, 1974, the chancellor held that the wife had failed to prove her allegations and denied her prayer for a divorce. The trial court further found that the wife deserted the husband on April 19, which the record shows was the day after her suit was instituted and process was served on the husband, and granted him a divorce *a mensa*. Custody of the three-year-old son of the parties was awarded to the husband with visitation rights awarded to the wife. We granted the wife's petition for appeal.

■ The wife claims that the chancellor should have awarded her a divorce on the grounds of cruelty and constructive desertion. The evidence, however, was sharply conflicting and was heard *ore tenus* by the trial court. The court's findings, in those circumstances, have the weight of a jury verdict, and will not be disturbed unless plainly wrong or without evidence to support them. *White* v. *Perkins*, 213 Va. 129, 189 S.E.2d 315 (1972); Code § 8-491. Since the record shows there was credible evidence to support the chancellor's findings, we find no merit in this argument.

■ The trial court erred, however, in holding that the wife's departure from the family domicile on April 19, one day after her suit for divorce was filed, constituted desertion on the wife's part, for one spouse is not guilty of legal desertion in separating from the other after the institution of a suit for divorce or during its pendency. *Painter* v. *Painter*, 215 Va. 418, 421, 211 S.E.2d 37, 39 (1975); *Plattner* v. *Plattner*, 202 Va. 263, 266, 117 S.E.2d 128, 130 (1960); *Hudgins* v. *Hudgins*, 181 Va. 81, 87, 23 S.E.2d 774, 777 (1943).

Next we consider the custody award of the son to the father.

On April 19 the wife left Campbell County and took her son to the home of relatives in York County. Approximately one week later the wife moved into an apartment in Newport News, leaving the child at the home of her relatives in York County. The husband provided no funds to the wife for her support and the support of the child between April 19, the date the parties separated, and June 28, the date of the hearing. Because of her limited earnings and her working hours, the wife testified that she had been unable to keep the child with her at her apartment.

While finding no evidence of unfitness on the part of either parent, the chancellor awarded custody of the child to the father, who

continued to reside in the family home and to employ a housekeeper and nurse who, for about a year before the parties separated, had cared for the child. In finding that the father could provide a more stable home for the child, the chancellor emphasized that the wife, since her separation from the husband, had failed to establish a home with the child and to demonstrate that she could provide a stable situation for the child.

■ The record shows that the wife's failure to establish a home with the child may well have been due to the husband's failure to provide for her support and the support of the child, since the wife's income during that time was limited to her modest earnings when she was not employed full time. Indeed, the testimony shows that part of the wife's support and practically all of the child's support during this interval was provided by the wife's relatives. There is no evidence that the wife, with suitable allowances, would not be able to provide a suitable and stable home for the child.

Under the circumstances, we cannot affirm the trial court's ruling with respect to custody. Because we have ruled the husband is not entitled to a divorce, it becomes necessary that the case be remanded for a determination of the wife's separate maintenance. Code § 20-107. In view of the wife's entitlement to separate maintenance, and the effect it might have upon her ability to provide a suitable home for the child, we also direct the court to reconsider the custody award under the principles enunciated in *Mullen* v. *Mullen*, 188 Va. 259, 270, 49 S.E.2d 349, 354 (1948), and *White* v. *White*, 215 Va. 765, 213 S.E.2d 766 (1975).

*Reversed and remanded.*