BILLY W. BYRD

V.

RUTH C. BYRD

Record No. 830932

September 5, 1986

Present: All the Justices

*John B. Delaney (Delaney and Giammittorio*, on brief), for appellant.

*Robert B. Machen (Ronald E. Barrett; Barrett and Axilbund*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

In this divorce case, we reexamine the doctrine that one spouse is ordinarily not guilty of legal desertion in separating from the other while a divorce suit is pending between them. Specifically, we must decide whether a divorce suit was frivolous and instituted as a sham to shield the complainant from a charge of desertion.

Billy W. Byrd (husband) and Ruth C. Byrd (wife) had been married 35 years. Their only child was emancipated. The husband, a retired Army colonel, acknowledged an alcohol problem in 1976 and thereafter sought continuing help, which included hospital treatment, meetings of Alcoholics Anonymous and other groups, counselling by a clergyman, and therapy by a psychiatrist. The wife, who was a school nurse, attended about 15 joint sessions of marriage counselling with him. Although the marriage appeared to friends and neighbors to be happy, it was in fact deteriorating. The wife maintained full-time employment, and the husband remained at home, doing some of the housework. He accused her of neglecting her marital duties and the evidence developed several incidents of unprovoked "rages" on his part in which he shouted at her and exerted some physical force against her.

By the fall of 1981, the wife had decided to terminate the marriage. She began to make arrangements in early October, which she kept secret from her husband, to leave the marital home. On November 16, she rented an apartment in which to live. She went to an attorney and asked him to prepare a property settlement agreement and to file suit for divorce. Her attorney advised her not to move out of the marital home until after the divorce suit had been filed. Accordingly, she remained under the marital roof

until after the suit papers were served on her husband. She testified:

Q. Did [your lawyer] tell you that if you moved out of the house you could get charged with desertion . . . and you wouldn't get alimony?

A. He told me not to move until I tell you, until I file the official documents in the court house.

Q. So you waited for him to file?

A. That is right.

Q. That is the only thing that kept you from moving?

A. Until he said I could.

On December 2, 1981, while the parties were still living together, the husband was served with her bill of complaint. It charged him with cruelty and prayed for a divorce *a mensa et thoro*, to be merged into a divorce *a vinculo matrimonii* after the expiration of one year. When the husband asked the wife about it, she said that she had not authorized the language in the bill and pointed out that she had not signed it personally. She remained in the marital home for another five days. On December 6, the couple had voluntary sexual intercourse "for old times sake." On December 7, the wife moved out.

The husband filed an answer denying cruelty. The case was referred to a commissioner in chancery. The husband, by leave of court, filed an amended answer raising the defense of condonation and alleging that the wife's bill "is groundless and was not filed in good faith." In March 1982, on the wife's motion, the court ordered the husband to pay her $450 per month spousal support *pendente lite*.

The commissioner, after two hearings, filed a report on May 10, 1982, in which he stated that the wife had called only one witness who had been unable to corroborate the wife's testimony concerning the husband's alleged acts of cruelty. The commissioner recommended that the wife's request for divorce be denied because her grounds were uncorroborated. On June 4, 1982, the court, on the husband's motion, entered an order dismissing the wife's bill of complaint, granting the husband leave to file a cross-bill, and taking under advisement the husband's motion for an award of costs and counsel fees. Over the husband's objection, the court continued the *pendente lite* order in effect.

The husband filed a cross-bill, charging that the wife had deserted him on December 7, 1981. He prayed for a divorce *a mensa*, to be merged into a divorce *a vinculo* upon the expiration of the statutory period. The wife filed an answer denying desertion.

The husband's cross-bill was referred to a different commissioner in chancery, who held a hearing on September 30, 1982. He reported to the court that the controlling question was whether the wife, having filed the divorce suit before leaving her husband, could be guilty of deserting him, under the rule in *Alls* v. *Alls*, 216 Va. 13, 216 S.E.2d 16 (1975). Recognizing that we said in *Roberts* v. *Roberts*, 223 Va. 736, 741, 292 S.E.2d 370, 373 (1982), that the *Alls* rule would not be so inflexibly applied as to shield fraud or oppression, the second commissioner considered the evidence which had been presented earlier to the first commissioner in support of the wife's allegations of cruelty. The second commissioner determined that some of the incidents relied on by the wife, although insufficient to constitute grounds of divorce and insufficiently corroborated, had indisputably occurred according to the testimony of both parties, and were unexplained by the husband. He concluded that the wife had a right to litigate these issues and that her bill of complaint was neither frivolous nor filed in bad faith. He recommended that the husband's prayer for divorce on the ground of desertion be denied, because the wife was entitled to leave the marital home under the *Alls* rule.

In January 1983, the husband moved for a further hearing, after which the second commissioner reported that the parties had lived separate and apart for a period in excess of one year and recommended that the husband be awarded a divorce on no-fault grounds. On February 9, 1983, the court, in a letter opinion, overruled exceptions which the husband had filed to the first commissioner's report. The chancellor wrote:

> [The wife's] failure to adequately corroborate her allegations of cruelty does not render her suit completely without merit. The Court is unable to say that the complainant's allegations were false, contrived or fictitious, or that she was guilty of the kind of fraud or oppression referred to in *Roberts*.

The court, by decree entered March 10, 1983, denied the husband a divorce on the ground of desertion, granted him a no-fault di-

vorce, denied his claim for counsel fees, ordered the parties to divide the costs, and reserved the question of spousal support for future determination. On May 26, 1983, the court ordered the husband to pay the wife $550 per month spousal support. We granted the husband an appeal.

The husband argues that the wife's bill of complaint charging him with cruelty was "orchestrated" before her departure merely to preserve her claim to spousal support; that it was a sham, erected to shield her from a charge of desertion so that she might invoke the rule in *Alls*. Even if we should think the wife's bill of complaint not entirely frivolous, the husband says, her voluntary act of sexual intercourse with him, after filing suit charging him with cruelty, condoned the cruelty she relied on and vitiated her claim. Thus, the argument continues, the wife left him without just cause or excuse, was guilty of desertion, and therefore forfeited her right to spousal support.

In *Alls*, 216 Va. at 14, 216 S.E.2d at 16, a wife sued her husband for divorce on the grounds of cruelty and constructive desertion and left him one day after suit was filed. The husband filed a cross-bill alleging desertion. The trial court found that the wife had failed to prove her case and denied her claim for divorce. The court then granted the husband a divorce on the grounds of desertion. We reversed, restating the long-established rule in Virginia that "one spouse is not guilty of legal desertion in separating from the other after the institution of a suit for divorce or during its pendency." *Id.* at 14, 216 S.E.2d at 17 (citations omitted).

In *Roberts*, 223 Va. at 741, 292 S.E.2d at 372, where a wife left the marital home during pendency of a divorce suit, the appellant husband, recognizing the authority of the rule in *Alls*, asked us to create an exception in cases "where the party filing the original suit continues to live in the marital abode for a long period of time, or where the original suit turns out to be frivolous, a mere sham created in order to permit the complainant to desert the defendant with impunity." We recognized the force of the husband's argument, and agreed that equitable rules "should not be so inflexibly applied as to shield fraud or oppression." *Id.* at 741, 292 S.E.2d at 373. Nevertheless, on the facts in *Roberts*, we did not find the wife's allegations to be frivolous, and we afforded her the protection of the *Alls* rule.

In the case before us, as in *Roberts*, the appellant husband fails to establish a set of facts warranting application of an excep-

tion to the *Alls* rule. We agree with the chancellor's conclusion that the allegations of cruelty in the wife's bill of complaint were not "false, contrived or fictitious, [and that she was not] guilty of the kind of fraud or oppression referred to in *Roberts*." Her allegations were inadequately corroborated, and even if corroborated, might well have been found insufficient by the chancellor, weighing the evidence, to constitute grounds for divorce. Nevertheless, as the commissioner pointed out, the incidents incontestably occurred, they were admitted by the husband, and he failed to explain or justify them. No purpose would be served by reciting their details; suffice it to say that they were, to some extent, violations of the duty incumbent on each spouse to treat the other with conjugal kindness.

"Frivolous" is defined: "Of little weight or importance, *having no basis in law or fact*: light, slight, sham, irrelevant, superficial." Webster's Third New International Dictionary 913 (1971) (emphasis added). The wife's allegations of cruelty, although insufficient to support her claim for divorce, had a basis in law and in fact and presented a bona fide, justiciable controversy. They were difficult to corroborate; no third person was present when they occurred. There is a substantial difference between a suit which proves unsuccessful because the evidence fails to carry the required burden of proof, and a frivolous suit, having no basis in law or fact.

Condonation is a matter of specific affirmative defense to be specially pleaded and proved by the defendant. *Tarr* v. *Tarr*, 184 Va. 443, 449, 35 S.E.2d 401, 404 (1945); *Martin* v. *Martin*, 166 Va. 109, 116, 184 S.E. 220, 223-224 (1936). If the wife had established a prima facie case of cruelty, the husband might have successfully defended it on that ground, but the burden would have been on him to do so. A single act of voluntary sexual intercourse has been held, in some circumstances, to constitute condonation. *Tarr*, at 448, 35 S.E.2d at 403. But in other circumstances, where the guilty party has solicited the act and thereafter evidences no intent to reform, such an act has been held insufficient to constitute a defense. *Baytop* v. *Baytop*, 199 Va. 388, 393, 100 S.E.2d 14, 18 (1957). Thus, the strength of the husband's condonation defense to the wife's cruelty charge, having never been tested at trial, is uncertain. But even if it had proved successful, it would have been a defense on the merits, strong enough to outweigh the wife's claim but having no tendency to characterize

her claim as frivolous, false, contrived, or fictitious. We therefore agree with the chancellor's ruling that the wife's suit was not frivolous and that she was not guilty of desertion in leaving her husband while it was pending.

For the reasons stated, the decrees appealed from will be

*Affirmed.*