Present:    All the Justices

MICHAEL PATRICK WEATHERBEE

v.  Record No. 091376                    OPINION BY
                              CHIEF JUSTICE LEROY ROUNTREE HASSELL, SR.
VIRGINIA STATE BAR, ex rel.            February 25, 2010
FOURTH DISTRICT – SECTION I COMMITTEE

            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
     Thomas D. Horne, William H. Ledbetter, Jr., and Arthur B.
                   Vieregg, Jr., Judges Designate

                                 I.

     In this appeal of right from a judgment entered by a

three-judge circuit court in a lawyer disciplinary proceeding,

we consider whether an attorney violated Rules 1.1 and 3.1 of

the Virginia Rules of Professional Conduct.

                                 II.

     The Virginia State Bar filed disciplinary charges against

Michael Patrick Weatherbee, asserting that he had violated Rule

1.1, that governs competence, Rule 1.3, that relates to

diligence, and Rule 3.1, that governs the filing of meritorious

claims.

     Weatherbee made a demand, pursuant to Part 6 of the Rules

of Court, Section IV, Paragraph 13-16(B)(2) and Code § 54.1-

3935, that a three-judge circuit court adjudicate the charges

of misconduct against him.  At the conclusion of an ore tenus

hearing, the court found by clear and convincing evidence that

Weatherbee violated Rule 3.1 and the court dismissed the

charges relating to the alleged violations of Rules 1.1 and 1.3. The court entered a judgment that imposed a public reprimand without terms upon Weatherbee. Weatherbee appeals and the State Bar assigns cross-error to the circuit court's failure to hold by clear and convincing evidence that Weatherbee had violated Rule 1.1.

III.

A.

Upon our review of this attorney disciplinary civil proceeding, the State Bar has the burden of proving by clear and convincing evidence that the attorney violated the relevant Rules of Professional Conduct. Barrett v. Virginia State Bar, 272 Va. 260, 268 n.4, 634 S.E.2d 341, 345 n.4 (2006); Blue v. Seventh District Committee, 220 Va. 1056, 1062, 265 S.E.2d 753, 757 (1980); Seventh District Committee v. Gunter, 212 Va. 278, 284, 183 S.E.2d 713, 717 (1971). Additionally:

> "The standard of review we apply to the [judgment] of a three-judge court in a Bar disciplinary proceeding is the same as the standard applicable to decisions of the Disciplinary Board. We conduct an independent examination of the entire record. We consider the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the Bar, the prevailing party in the trial court. We accord the trial court's factual findings substantial weight and view those findings as prima facie correct. Although we do not give the trial court's conclusions the weight of a jury verdict, we will sustain those conclusions unless it appears that they are not

2

> justified by a reasonable view of the evidence or
> are contrary to law.  See Pilli [v. Virginia
> State Bar, 269 Va. at 391, 396, 611 S.E.2d at
> 389, 391 (2005)]."

Anthony v. Virginia State Bar, 270 Va. 601, 608-09, 621 S.E.2d 121, 125 (2005); see also Barrett v. Virginia State Bar, 277 Va. 412, 413, 675 S.E.2d 827, 828 (2009); Barrett, 272 Va. at 268-69, 634 S.E.2d at 345-46; Pappas v. Virginia State Bar, 271 Va. 580, 585-86, 628 S.E.2d 534, 537 (2006).  Furthermore, when we review the State Bar's assignment of cross-error, we will consider the evidence and all reasonable inferences that may be drawn in the light most favorable to Weatherbee, the prevailing party on this issue in the circuit court.

### B.

Weatherbee, who is licensed to practice law in Virginia, filed an action on behalf of Dianna Broyles, styled Broyles v. Backer, et al., in the Circuit Court of Warren County. Weatherbee alleged, among other things, that Dr. Ward P. Vaughan and other health care providers breached the duty of care owed to Broyles.  Broyles had been a patient at the Warren Memorial Hospital in Warren County, Virginia, where a surgical procedure was performed on her.  However, Dr. Vaughan had no involvement whatsoever in Broyles' medical procedure or medical care.  Additionally, when Broyles' surgical procedure that was the subject of the lawsuit against Dr. Vaughan was performed,

Dr. Vaughan was not a member of the medical staff at Warren Memorial Hospital and did not have medical privileges to practice any medical procedures at the hospital.

Weatherbee never requested that Dr. Vaughan provide copies of medical records that he may have had regarding Dianna Broyles. Weatherbee admitted that at no time did he contact Dr. Vaughan to ascertain whether Broyles had been his patient and whether Dr. Vaughan participated in the surgery that was the subject of the lawsuit.

When State Bar Investigator David W. Jackson asked Weatherbee why he identified Dr. Vaughan as a defendant in the lawsuit, Weatherbee gave the following explanation. Weatherbee obtained an operative report related to Broyles' surgery and this report indicated that "Bob Vaughan" served as an assistant to Dr. Joel Evan Backer, the physician who actually performed Broyles' surgery. Weatherbee also learned from a website maintained by the Virginia Board of Medicine that fifteen physicians with the last name "Vaughan" were licensed to practice in Virginia, three of whom specialized in obstetrics and gynecology. Two of these three individuals were women whose practices were located outside of Virginia. Weatherbee erroneously deduced that the remaining physician, Dr. Ward P. Vaughan, who practiced obstetrics and gynecology in Winchester, Virginia, was the individual identified as "Bob Vaughan" in the

4

operative report.  Also, Broyles' former attorney, Frederic Ornitz, interviewed the chair of the obstetrics and gynecology department at Warren Memorial Hospital.  According to Ornitz, the chair of this department informed Ornitz that Dr. Vaughan had privileges to practice at Warren Memorial Hospital.

Weatherbee's wife, Janet Weatherbee, is a licensed registered nurse who assists Michael Weatherbee with his review of medical records.  She acknowledged that Broyles' surgical operative record indicated that "Bob Vaughan," not Dr. Ward P. Vaughan, assisted Dr. Backer in Broyles' surgery.  Even though the operative record did not indicate Bob Vaughan's professional status, Mrs. Weatherbee testified that she was certain that Bob Vaughan was a physician because in her experience the operative record does not always include the titles of the professionals present during the surgery.

Mrs. Weatherbee and Ornitz testified that they contacted Warren Memorial Hospital in an effort to ascertain the identity of "Bob Vaughan."  However, hospital policies prevented the hospital personnel from providing such information to them.

Consequently, Weatherbee filed a lawsuit against Dr. Vaughan, who was not present and had no involvement in the treatment of Broyles.  The lawsuit had a deleterious impact upon Dr. Vaughan's practice.  He lost patients and he was subject to ridicule and scorn.  A local radio station

5

repeatedly informed its listeners, approximately once each hour for a full day, that Dr. Vaughan had been sued for medical malpractice.  Also, the litigation against Dr. Vaughan was reported on a local television station.

IV.

A.

Rule 3.1 of the Rules of Professional Conduct states in relevant part:

> "**Meritorious Claims and Contentions.**
> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous . . . ."

Weatherbee argues that the circuit court erred by holding that he violated Rule 3.1.  We disagree with Weatherbee.

Rule 3.1, among other things, prohibits an attorney from filing a lawsuit unless there is a basis for doing so that is not frivolous.  In Byrd v. Byrd, 232 Va. 115, 116, 348 S.E.2d 262, 262 (1986), we considered whether a divorce proceeding that a litigant had filed was frivolous.  We stated:

> " 'Frivolous' is defined: 'Of little weight or importance, having no basis in law or fact: light, slight, sham, irrelevant, superficial.' "

Id. at 120, 348 S.E.2d at 265 (citation omitted).

We have stated in our commentary to Rule 3.1 that:

> "The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because

6

the lawyer expects to develop vital evidence only by discovery. Such action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is frivolous, however, if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person, or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law."

Va. Sup. Ct. R., Part 6, § II, R. 3.1, cmt. 2.

The State Bar established by clear and convincing evidence that Broyles was not Dr. Vaughan's patient at the time of the complained-of surgical procedure and that Dr. Vaughan was neither present during her surgery nor provided post-surgical care to her. In fact, Dr. Vaughan did not even have medical privileges to practice medicine at Warren County Hospital, where Broyles' surgery occurred. Weatherbee did not even attempt to obtain Broyles' authorization to acquire Dr. Vaughan's medical records that related to Broyles. This simple act would have revealed that Dr. Vaughan had no involvement in Broyles' surgery. There are other actions that Weatherbee could have undertaken, but failed to perform, that would have informed him that Dr. Vaughan had no involvement whatsoever in the treatment and surgery of Broyles.

Weatherbee cannot make a good-faith argument that he should have filed an action against Dr. Vaughan, who had absolutely no legal duty to Broyles, and Weatherbee's

preliminary research should have revealed such information.  We also note that Weatherbee alleged in his pleading that Dr. Vaughan was an employee of Warren Memorial Hospital, which was an allegation the falsity of which could have been discovered. Weatherbee also asserted in his pleadings that Dr. Vaughan treated Broyles, which was also false.

The record demonstrates by clear and convincing evidence that Weatherbee's action against Dr. Vaughan was frivolous because the lawsuit had no basis in law or fact.  We hold that the circuit court did not err when it concluded by clear and convincing evidence that Weatherbee's filing of the lawsuit against Dr. Vaughan was frivolous within the meaning of Rule 3.1.

B.

The circuit court held that Weatherbee did not violate Rule 1.1 that relates to legal competence, and the State Bar assigns cross-error to this holding.  Rule 1.1 states:

> "**Competence.**
>     A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

We have stated that "[w]hether an attorney is subject to discipline for failing to provide competent representation is a

matter decided on a case by case basis."  Barrett, 272 Va. at 272, 634 S.E.2d at 347.

As we have already noted, the circuit court conducted an ore tenus hearing and considered evidence that was, at times, conflicting.  Even though we conduct an independent examination of the entire record, we accord the circuit court's factual findings substantial weight and view those findings as prima facie correct.  And, although we do not give the circuit court's conclusions the same weight of a jury verdict, we will sustain those conclusions unless it appears that they are not justified by a reasonable view of the evidence or are contrary to the law.  Barrett, 272 Va. at 269, 634 S.E.2d at 346; Pappas, 271 Va. at 586, 628 S.E.2d at 537; El-Amin v. Virginia State Bar, 257 Va. 608, 612, 514 S.E.2d 163, 165 (1999); Blue, 220 Va. at 1061-62, 265 S.E.2d at 757.

Based upon the record before this Court, we cannot conclude that the circuit court's factual findings that Weatherbee did not violate Rule 1.1 are not justified by a reasonable view of the evidence or are contrary to the law.  We have held without failure that the factual conclusions of a three-judge court in a disciplinary proceeding "while not carrying the weight of a jury verdict, will be sustained unless they are not justified by the evidence or are contrary to law."  Barrett, 272 Va. at 269, 634 S.E.2d at 346.  We cannot and will

not hold on the record before us, that as a matter of law the circuit court's conclusions are not justified by a reasonable view of the evidence or those conclusions are contrary to the law.  Pilli v. Virginia State Bar, 269 Va. 391, 396, 611 S.E.2d 389, 391 (2005); Williams v. Virginia State Bar, 261 Va. 258, 264, 542 S.E.2d 385, 389 (2001); Myers v. Virginia State Bar, 226 Va. 630, 632, 312 S.E.2d 286, 287 (1984).

We reject Weatherbee's argument that as a matter of law, he did not violate Rule 3.1 because the circuit court held that he did not violate Rule 1.1.  These Rules are separate and distinct.  Rule 1.1 relates to attorney competence, while Rule 3.1 relates to the filing of a frivolous proceeding.  These Rules impose different professional responsibilities upon an attorney and these Rules are not duplicative, repetitive, or synonymous.  The circuit court was permitted to conclude, based upon the record before it, that Weatherbee violated Rule 3.1 but not Rule 1.1.  The litigants' remaining arguments are without merit.

Accordingly, we will affirm the judgment of the circuit court.

Affirmed.