PRESENT: All the Justices

ERIC JOSEPH LIVINGSTON

OPINION BY
v. Record No. 122144          CHIEF JUSTICE CYNTHIA D. KINSER
June 6, 2013

VIRGINIA STATE BAR

FROM THE VIRGINIA STATE BAR DISCIPLINARY BOARD

In this appeal of right by an attorney from an order of the
Virginia State Bar Disciplinary Board (Disciplinary Board), we
conduct an independent review of the record to determine whether
there is clear and convincing evidence that Eric Joseph
Livingston violated Rules 1.1, 3.1, and 3.8(a) of the Virginia
Rules of Professional Conduct.  Because we find such evidence
only with regard to the violation of Rule 1.1, we will affirm in
part and reverse in part the Disciplinary Board's order and
remand for consideration of an appropriate sanction.

I.  RELEVANT FACTS AND PROCEEDINGS

Pursuant to Part 6, Section IV, Paragraph 13-16(A) of the
Rules of this Court, the Virginia State Bar (VSB) served
Livingston with a Charge of Misconduct, alleging that he
violated Rule 1.1 requiring competent representation, Rule 3.1
regarding assertion of frivolous claims or contentions, and Rule
3.8(a) addressing additional responsibilities of a prosecutor.
The Charge of Misconduct related to Livingston's conduct, as an
Assistant Commonwealth's Attorney in Prince George County,

during his prosecution of James Collins on drug-related offenses.

Collins was arrested after he purchased 50 pills of what he believed were 80 mg Oxycontin from an undercover police officer at a park within 1,000 feet of a public school in Prince George County. The pills that Collins purchased were imitations of the actual prescription drug and were made especially for undercover drug operations.

Collins initially agreed to work with police narcotics investigators as an informant, but after he stopped doing so, Livingston obtained two direct indictments against Collins. In the first indictment, a grand jury charged that Collins "did manufacture, sell, give, distribute or possess with the intent to manufacture, sell, give, or distribute, a controlled substance listed in Schedule I or Schedule II of the Drug Control Act namely Oxycodone, in violation of" Code § 18.2-248.[1] In the second indictment, the grand jury charged that Collins

> did manufacture, sell or distribute or possess with intent to sell, give or distribute any controlled substance, imitation controlled substance or marijuana while upon the property, including buildings and grounds, of any public or private elementary, secondary, or post secondary school, or any public or private two-year or four-year institution of higher education; or upon public property or any property open

---

[1] Oxycodone is the generic name for Oxycontin. See Startin v. Commonwealth, 281 Va. 374, 376, 706 S.E.2d 873, 875 (2011).

2

> to public use within 1,000 feet of such school property, in violation of [Code § 18.2-255.2].

Collins was tried on both indictments in a bench trial in the Circuit Court of Prince George County. During the trial, Livingston called a surveillance narcotics officer and the undercover police officer as witnesses. The undercover police officer testified that she sold Collins the 50 pills in exchange for $500. The surveillance narcotics officer testified that after Collins' arrest, Collins initially stated that he intended to keep all 50 pills for himself but, in a subsequent interview, admitted he could sell each pill for $80.

After Collins moved to dismiss both charges at the close of the Commonwealth's evidence and again at the close of all the evidence, the parties submitted to the trial court memoranda addressing two issues: (1) whether Collins was guilty of possession with the intent to distribute a controlled substance when he was unaware that the item possessed was an imitation controlled substance; and (2) whether the Commonwealth must prove that Collins actually intended to distribute the imitation controlled substance within 1,000 feet of public school property.

As to the first issue, Livingston conceded in his memorandum that it would be error for the trial court to find Collins guilty of possession with the intent to distribute

Oxycodone because the pills he purchased were an imitation controlled substance. Livingston, nevertheless, asserted that factual impossibility was not a defense to an attempted crime. Accordingly, Livingston moved to amend the indictment to the charge of "attempt to possess with the intent to distribute a controlled substance."

On the second issue, Livingston argued that the decision in Toliver v. Commonwealth, 38 Va. App. 27, 561 S.E.2d 743 (2002), was not controlling. He maintained that unlike the defendant in Toliver, who was chased onto school property, Collins' purchase of the imitation controlled substance and his subsequent statement to a police officer that he could sell each pill for approximately $80 established that, while within 1,000 feet of a public school, Collins possessed the pills and had the intent to distribute them.

The trial court denied Livingston's motion to amend the first indictment, finding that the "motion [was] untimely" and stating that if Livingston believed it appropriate, he could "reindict" Collins. The trial court entered an order dismissing the first and second indictments; however, in the order, the court referred to the charge in the second indictment as "possession with intent to distribute marijuana on or near school property." Collins moved to amend that portion of the order by substituting the phrase "imitation controlled

4

substance" for the word "marijuana." Because of concerns about possible res judicata or collateral estoppel arguments that Collins might raise, Livingston opposed the wording of Collins' requested amendment but agreed to an amendment of the order substituting the exact language of the offense as charged in the indictment for the word "marijuana." The trial court agreed and entered an order adopting Livingston's proposed wording.

Livingston subsequently presented a third indictment to a grand jury, which charged that Collins "did manufacture, sell, give, or distribute an imitation controlled substance which imitates a schedule I or II controlled substance, namely, Oxycodone, in violation of" Code § 18.2-248. Collins moved to dismiss that indictment on the basis of, among other things, double jeopardy. At the hearing on the motion, Livingston referred to the charge in the third indictment as "possession with intent to distribute" even though the indictment charged a different offense, i.e., "manufacture, sell, give, or distribute." Livingston never moved to amend the third indictment to charge possession with the intent to distribute, and the trial court granted Collins' motion to dismiss it.

Livingston challenged the trial court's judgment dismissing the third indictment in an appeal to the Court of Appeals of Virginia. The Court of Appeals dismissed the appeal because Livingston failed to file a timely petition for appeal. In his

5

"brief" filed in the Court of Appeals, Livingston again incorrectly referred to the charge in the third indictment as "possession with intent to distribute" while at the same time quoting the charge in the indictment verbatim.

Based on these facts, the VSB charged that Livingston was "incompetent" in approving the issuance of the first indictment and proceeding to trial because it charged possession with the intent to distribute a controlled substance, Oxycodone, when Livingston knew that the pills Collins purchased were an imitation controlled substance. The indictment, according to the VSB, was not supported by probable cause. In the Charge of Misconduct, the VSB further alleged that Livingston was "incompetent and obtained an indictment not supported by probable cause when he obtained the third indictment" because Livingston knew there was no evidence that Collins actually manufactured or distributed the pills. Furthermore, the VSB claimed that Livingston repeatedly and incorrectly referred to the third indictment as charging possession with the intent to distribute. The VSB also charged that Livingston was "incompetent" when he filed the petition for appeal late. Finally, the VSB alleged that Livingston "maintained an argument that was frivolous in objecting to the substitution of the words 'imitation controlled substance'" for the word "'marijuana.'"

6

In a hearing before the Third District Committee, Section I of the VSB (District Committee), Livingston testified that he has worked as a prosecutor since he obtained his license to practice law in 2007. He acknowledged that he has handled hundreds of cases involving drug-related offenses, including charges of possession with the intent to distribute. With regard to the first indictment, Livingston admitted that in other instances involving a controlled buy of an imitation controlled substance, he had always charged the suspect with possession with the intent to distribute the imitation controlled substance. Livingston explained that he previously had not charged possession with the intent to distribute the controlled substance because he "never had the person actually handling it, examining it, being satisfied that it's Oxycodone, and having such a good statement where he intends to sell it for $80 a pill." Also, after researching the issue of factual and legal impossibility, Livingston believed he had probable cause to indict Collins for possession with the intent to distribute the actual controlled substance. According to Livingston, he did not realize he had misanalysed the law until he prepared the post-trial memorandum.[2]

---

[2] Livingston testified that when he researched the issue of factual and legal impossibility, he "glazed over the section" and did not recognize that the cases he was reviewing involved charges of attempted offenses, not completed crimes.

As to the second indictment, Livingston admitted that he had not read the decision in Toliver when he presented that indictment to the grand jury.  In fact, Livingston did not read that opinion until after Collins' attorney discussed it in his brief to the trial court.  Livingston also acknowledged that he could not prove where Collins intended to distribute the pills. But, Livingston asserted, Code § 18.2-255.2 could be interpreted to require only a showing that when Collins was within 1,000 feet of public school property, he possessed the pills with the intent to distribute them, even if the distribution was to be accomplished elsewhere.  According to Livingston, he did not have to prove that Collins intended to distribute the pills within the prohibited school zone.[3]

With regard to the third indictment, evidence presented at the hearing showed that Livingston instructed his staff to prepare an indictment for possession with the intent to distribute an imitation controlled substance.  Livingston admitted that he never reviewed the indictment for accuracy before presenting it to a grand jury and that he repeatedly referred to the charge as possession with the intent to

---

[3] Contrary to Livingston's argument, the Court of Appeals in Toliver clearly held that Code § 18.2-255.2 "does not state that it prohibits possession of a controlled substance while upon school property, or within 1,000 feet thereof, with the intent to sell, give or distribute the substance elsewhere."  38 Va. App. at 32, 561 S.E.2d at 746.

distribute, even though the indictment charged a different offense.  Livingston claimed that he did not realize the mistake until he received the Charge of Misconduct from the VSB.

At the conclusion of the hearing, the District Committee found that Livingston violated Rules 1.1, 3.1, and 3.8(a) and sanctioned him by imposing a public reprimand with terms.[4] Livingston appealed the District Committee's determination, in accordance with Part 6, Section IV, Paragraph 13-17(A), to the Disciplinary Board.  After hearing argument from the parties and reviewing the parties' briefs along with the record from the District Committee hearing, the Disciplinary Board found that "there is substantial evidence in the record upon which the District Committee could reasonably have found as it did."  The Disciplinary Board thus affirmed the District Committee's determination that Livingston violated Rules 1.1, 3.1, and 3.8(a) and imposed the same sanction.  Pursuant to Part 6, Section IV, Paragraph 13-26 of the Rules of this Court, Livingston appeals the Disciplinary Board's Memorandum Order dated October 5, 2012 and challenges the Disciplinary Board's determination that substantial evidence exists in the record to support the District Committee's findings.

---

[4] The terms required Livingston to complete two hours of Continuing Legal Education on the subject of ethics, in addition to the two hours required annually, and to certify completion of such hours to the VSB no later than December 9, 2012.

## II.  ANALYSIS

### A.  Standard of Review

The VSB has the burden to prove by clear and convincing evidence that an attorney violated the Rules of Professional Conduct.  Weatherbee v. Virginia State Bar, 279 Va. 303, 306, 689 S.E.2d 753, 754 (2010).  In reviewing the Disciplinary Board's decision, "we conduct an independent examination of the entire record."  Williams v. Virginia State Bar, 261 Va. 258, 264, 542 S.E.2d 385, 389 (2001); accord Northam v. Virginia State Bar, 285 Va. 429, 435, 737 S.E.2d 905, 908 (2013).  We review the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the VSB, the prevailing party.  El-Amin v. Virginia State Bar, 257 Va. 608, 612, 514 S.E.2d 163, 165 (1999).  We give factual findings substantial weight and view them as prima facie correct.  Id. The factual conclusions are not given the weight of a jury verdict, but they "will be sustained unless it appears they are not justified by a reasonable view of the evidence or are contrary to law."  Id. (internal quotation marks and citation omitted).

### B.  Rule 1.1 - Competence

Rule 1.1 provides that a "lawyer shall provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness and preparation

10

reasonably necessary for the representation."  To determine "whether a lawyer employs the requisite knowledge and skill in a particular matter, relevant factors include . . . the lawyer's training and experience in the field in question, the preparation and study the lawyer is able to give the matter and whether it is feasible to refer the matter to, or associate or consult with, a lawyer of established competence in the field in question."  Va. Sup. Ct. R., Part 6, § II, R. 1.1, cmt. 1.  In addition, "[c]ompetent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners.  It also includes adequate preparation."  Id. at cmt. 5.

"Whether an attorney is subject to discipline for failing to provide competent representation is a matter decided on a case by case basis."  Barrett v. Virginia State Bar, 272 Va. 260, 272, 634 S.E.2d 341, 347 (2006).  For example, in Barrett, we considered charges of misconduct that arose from an attorney's failure to file or settle a personal injury lawsuit prior to the expiration of the statute of limitations, filing a special plea based on incorrect legal research, and delay in reading responsive pleadings and withdrawing the special plea.  Id. at 271, 634 S.E.2d at 347.  The Court concluded that the attorney's conduct, while negligent or in error, nevertheless did not

11

constitute clear and convincing evidence of incompetence under Rule 1.1.  Id. at 272, 634 S.E.2d at 347-48.  We explained that "negligence without more," or "incorrect legal research alone," or practicing law in a manner that is not the "preferred way" did not support a finding of incompetent representation.  Id.

However, in Green v. Virginia State Bar, 274 Va. 775, 652 S.E.2d 118 (2007), we affirmed a judgment holding that an attorney violated Rule 1.1 when he filed an appeal in the wrong court and did not advise his client that the appeal had been dismissed, and when he failed to timely file another appeal and again did not inform his client that the appeal had been dismissed.  Id. at 781-91, 652 S.E.2d at 120-26; see also Motley v. Virginia State Bar, 260 Va. 251, 263-64, 536 S.E.2d 101, 106-07 (2000) (imposing discipline for incompetence under former DR 6-101 when an attorney permitted his client to sign a promissory note that did not reflect the parties' agreement and caused consequences the attorney did not understand).

In this case, Livingston concedes that he made three "mistakes" in his prosecution of Collins: (1) reaching an incorrect legal conclusion about the law of factual impossibility and thus erroneously charging Collins with possession with the intent to distribute the actual controlled substance; (2) obtaining the third indictment for distribution of an imitation controlled substance rather than for possession

12

with the intent to distribute and failing to recognize that mistake during the trial and on appeal; and (3) missing the deadline for filing the petition for appeal in the Court of Appeals.[5]  Livingston argues, however, that while these mistakes might constitute negligence, they do not rise to the level of clear and convincing evidence of incompetent representation in violation of Rule 1.1.

Based on our "independent examination of the entire record," giving the District Committee's factual findings "substantial weight and view[ing] them as prima facie correct," we find no error in the Disciplinary Board's order holding that Livingston violated Rule 1.1.  Williams, 261 Va. at 264, 542 S.E.2d at 389.  During the prosecution of Collins, he failed to provide the "thoroughness and preparation reasonably necessary for the representation" of his client, the Commonwealth.  Rule 1.1.  Even if an attorney has the necessary legal knowledge and skill, "thoroughness and preparation" require the "[c]ompetent handling of a particular matter," which includes "inquiry into and analysis of the factual and legal elements of the problem and use of methods and procedures meeting the standards of

---

[5] Livingston does not acknowledge any mistake with regard to the second indictment charging possession with the intent to distribute an imitation controlled substance within 1,000 feet of public school property or his failure to read the decision in Toliver until after Collins' attorney cited it to the trial court.

13

competent practitioners." Va. Sup. Ct. R., Part 6, § II, R. 1.1, cmt. 5 (emphasis added).

Livingston obtained three indictments against Collins. Each was based on factual and/or legal errors due not to mere negligence, but to his failure to analyze the evidence and the elements of the charges he brought against Collins. And, without checking the accuracy of the charge in the third indictment, which contained the wrong criminal offense, he presented the indictment to a grand jury and pursued it in the trial court and also on appeal when he filed the untimely petition for appeal. It is not necessary to determine whether any one of these acts of misconduct alone would violate Rule 1.1. In this case, viewing the record in its entirety, there is clear and convincing evidence that Livingston failed to provide competent representation to his client in the prosecution of Collins.

C. Rule 3.1 - Meritorious Claims and Contentions

In relevant part, Rule 3.1 states that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." We have defined the term "frivolous" as "[o]f little weight or importance, having no basis in law or fact: light, slight, sham,

14

irrelevant, superficial." Weatherbee, 279 Va. at 309, 689 S.E.2d at 756 (internal quotation marks and citation omitted); see also Black's Law Dictionary 739 (9th ed. 2009) (defining the term "frivolous" as "[l]acking a legal basis or legal merit; not serious; not reasonably purposeful").

The Charge of Misconduct alleged that Livingston "maintained an argument that was frivolous in objecting to the substitution of the words 'imitation controlled substance' for 'marijuana,'" because "he anticipated that [Collins] would then argue to dismiss the third indictment due to collateral estoppel and double jeopardy."[6]  However, the record shows that Livingston

---

[6] The VSB also argues that Livingston violated Rule 3.1 by obtaining three indictments against Collins that had no basis in law or fact.  However, the VSB did not make that argument at the District Committee hearing.  Not until questioning by members of the Disciplinary Board did the VSB take the position that it was not relying solely on Livingston's objection to the proposed amended wording of the dismissal order as the basis for the charge that he violated Rule 3.1.  Even in its brief to the Disciplinary Board, the VSB did not argue that Livingston's conduct in pursuing indictments that lacked probable cause violated Rule 3.1.  Although a proceeding to discipline an attorney is an informal proceeding, an attorney nevertheless is entitled to be informed of the nature of the charge against him. See Moseley v. Virginia State Bar, 280 Va. 1, 3, 694 S.E.2d 586, 589 (2010); Virginia State Bar v. Gunter, 212 Va. 278, 284, 183 S.E.2d 713, 717 (1971).  Given the language of the Charge of Misconduct and the VSB's position at the District Committee hearing when evidence was presented, we conclude that Livingston was not fairly informed that the VSB was including his conduct with regard to the three indictments as a basis for the charge that he violated Rule 3.1.  So, in determining whether there is clear and convincing evidence that Livingston violated Rule 3.1, we will consider only his response to the motion to amend the order dismissing the second indictment.

did not oppose the amendment of the order dismissing the second indictment.  Instead, Livingston stated to the trial court that "the Commonwealth doesn't oppose [the] motion to modify, the Commonwealth opposes [the] motion to modify as written." Moreover, the trial court adopted Livingston's position and amended the order to include the language that Livingston urged.

Based on our independent review of the record, we do not find clear and convincing evidence that Livingston violated Rule 3.1.  The argument he asserted in response to Collins' motion to amend the language of the order dismissing the second indictment was not frivolous.  Thus, the portion of Disciplinary Board's order finding that Livingston violated Rule 3.1 was in error.

D.  Rule 3.8 – Additional Responsibilities of a Prosecutor

Pursuant to Rule 3.8(a), a prosecutor may "not file or maintain a charge that the prosecutor knows is not supported by probable cause."  A prosecutor is prohibited "from initiating or maintaining a charge once he knows that the charge is not supported by even probable cause."  Va. Sup. Ct. R., Part 6, § II, R. 3.8, cmt. 1a.  The term "knows" "denotes actual knowledge of the fact in question.  A person's knowledge may be inferred from circumstances."  Va. Sup. Ct. R., Part 6, § II, Preamble.

Livingston argues that he did not initiate or maintain any indictment against Collins with actual knowledge that it was not

16

supported by probable cause.  He asserts, instead, that his "negligence" led to the mistakes in the indictments.

As we have already discussed, Livingston's erroneous and/or complete lack of legal research along with his failure to examine the evidence in conjunction with the elements of the respective offenses resulted in his belief, albeit erroneous, that he had probable cause to initiate and maintain the first and second indictments.  After he ultimately realized that he could not charge Collins with possession with the intent to distribute the actual controlled substance, he moved to amend the first indictment to the charge of "attempt to possess with the intent to distribute a controlled substance."  Livingston proceeded with the second indictment without reading the decision in <u>Toliver</u>.  When he did read it, Livingston, nevertheless, surmised that <u>Toliver</u> could be distinguished on its facts, leading to his erroneous belief that he did not need to prove Collins intended to distribute the pills within the prohibited school zone.  While this evidence supports the determination that Livingston was "incompetent" under Rule 1.1, it does not constitute clear and convincing evidence that Livingston violated Rule 3.8(a).  In other words, Livingston's incompetent representation of his client in pursuing the first and second indictments actually demonstrates that he did not

initiate and maintain those indictments with actual knowledge that they were not supported by probable cause.

With regard to the third indictment, evidence introduced at the District Committee hearing established that Livingston instructed his staff to prepare an indictment charging the correct offense, possession with the intent to distribute an imitation controlled substance. Livingston admitted that he never reviewed the indictment for accuracy before presenting it to a grand jury. Accordingly, the District Committee determined that Livingston "did not read the indictment carefully before submitting it to the grand jury" and "did not realize the indictment did not contain the language 'possession with intent to distribute' until a few weeks before the District Committee hearing." Viewing these factual findings as prima facie correct, we conclude that they are "justified by a reasonable view of the evidence" and are not "contrary to law," meaning Livingston did not initiate or maintain the third indictment with actual knowledge that it was not supported by probable cause. El-Amin, 257 Va. at 612, 514 S.E.2d at 165 (internal quotation marks and citation omitted).

But, we must point out that "[a]n indictment is a written accusation of crime, prepared by the attorney for the Commonwealth." Code § 19.2-216 (emphasis added). Livingston quoted the charge in the third indictment verbatim in his brief

18

to the Court of Appeals, i.e., that Collins did "manufacture, sell, give, or distribute an imitation controlled substance . . . in violation" of Code § 18.2-248. And, he signed that brief as the attorney of record for the Commonwealth. See Code § 8.01-271.1. His signature constituted "a certificate" that he had read the brief, and having done so, he then should have realized that the third indictment contained the wrong charge. Id. As with the first and second indictments, these circumstances likewise support the determination that Livingston did not provide competent representation to his client as required by Rule 1.1. But, in light of the District Committee's factual findings, we cannot infer from these circumstances Livingston's actual knowledge that the third indictment lacked probable cause to support it. See Va. Sup. Ct. R., Part 6, § II, Preamble.

Thus, with regard to all three indictments, the record does not contain clear and convincing evidence that Livingston violated Rule 3.8(a). The portion of the Disciplinary Board's order finding a violation of this Rule was in error.

### III. CONCLUSION

For these reasons, we will affirm the portion of the Disciplinary Board's order finding that Livingston violated Rule 1.1 and reverse the part of the order finding that he violated Rules 3.1 and 3.8(a). Because the sanction imposed by the

19

Disciplinary Board was a single sanction for violation of all three Rules, we will vacate the sanction and remand for further consideration of an appropriate sanction for Livingston's violation of Rule 1.1.  See Barrett, 272 Va. at 273, 634 S.E.2d at 348.

Affirmed in part,
reversed in part,
and remanded.
